JOHN C. DOUGLASS v. BENJAMIN ANDERSON.

LEASE; *Improvements; Forcible Detainer.* Where a lease contains the stip-
ulation that "the lessee doth promise to quit and deliver up the prem-
ises to the lessor or his attorney peaceably and quietly at the end of the
term, and that the lessor may enter to view and make improvements
and to expel the lessee if he shall fail to pay the rent agreed upon,"
and during the lease the lessee builds on the premises a cottage, and
after the expiration of the lease the lessee continues with the assent of
the lessor to occupy the premises, but thereafter makes default in the
payment of rent, and then repudiates the lease and disclaims to hold un-
der his landlord, such lessee by the erection of his improvements on
the leased premises, in the absence of any evidence of failure of title of
his landlord, has not such an interest therein that the action of forcible
detainer against him will not lie.

*Error from Leavenworth District Court.*

ACTION by *Douglass* against *Anderson,* of forcible detainer
of lot 18, in block 93, in Day & McCaulay's subdivision
of the city of Leavenworth.   The case was originally brought
before a justice of the peace of Leavenworth county, and
certified up to the district court by the justice upon the ground
that it appeared. to his satisfaction that the title to the prem-
ises sought to be recovered, was in dispute.   At the Septem-
ber Term, 1881, the folowing findings were made and filed
by the court:

CONCLUSIONS OF FACT.

"1. On the 12th day of March, 1869, the plaintiff and
defendant entered into a written contract of lease by which
the plaintiff let to the defendant and put him into the posses-
sion of the lot for the possession of which this proceeding is
brought, for the term of three years, at an anual rental of $15,
payable annually in advance, and also the payment by the
lessee of the annual taxes on his own improvements made on
said lot.   The said written contract contained the following
provisions, to wit: 'The said lessee doth promise to quit and
deliver up the premises to. the lessor or his attorney, peacea-
bly and quietly at the end of the term, and that the lessor
may enter to view and make improvements and to expel the
lessee if he shall fail to pay the rent as aforesaid.'   'To secure

the performance of the above covenants on the part of the said lessee, said lessor shall have a mortgage upon any improvements made on said lot by said lessee. Said lessee shall have the preference in a subsequent lease of said lot at 10 per cent. per annum of the value of the same, and shall have the preference in the sale of said lot. Said lessor guarantees to said lessee, in case of the failure of his title to said lot, payment for all his permanent and valuable improvements made thereon.'

"2. At the termination of said term of lease, at the request of lessee, it was renewed for another term of three years at the same rent, and thereafter, that is, after the expiration of said extended term, lessee continued with the assent of lessor to occupy the premises to on or about May 1st 1880, and has continued to occupy the same until this day.

"3. Indorsed on said paper containing said lease, were the following credits, all written by plaintiff's lessor or by his order, to wit: 1869, March 12, $10; 1869, June 11, $5; 1870, March 12, $15; 1871, March 12, $15; 1872, March 21, $15, and $6.28 tax of 1870; 1873, March 20, $15, in full of rent to March 12, 1874; 1874, May 12, $15, on rent to March 12, 1875; 1875, July 19, received $10, in full to March 12, 1876 — tax due, $3.70; 1877, Nov. 6, received on within $5. The rent from March 12, 1876, and due that day, remains unpaid, except the $5 paid Nov. 6, 1877. No other payments appear to have been made upon said lease. Said paper has been all the time, since its execution, in the possession of defendant, and had been by him from time to time presented to the plaintiff for his indorsement thereon of said several credits, and was by him produced on the trial hereof.

"4. More than ten days previous to the 16th day of May, 1880, and being about the 1st day of May, 1880, plaintiff served upon defendant a notice in writing to leave said premises. At the time defendant refused to pay any more rent, and repudiated said lease and disclaimed to hold any longer under the plaintiff.

"5. On the 24th day of July, 1880, plaintiff served upon defendant another notice in writing to leave said premises. Defendant continued thereon, and this proceeding was commenced on July 23, 1881.

"6. That the defendant has built on said lot a neat little cottage, which is a permanent improvement; that said defendant, at the instance and request of said John C. Douglass, paid the taxes of said improvements to said John C. Douglass, in-

stead of paying the same to the county treasurer of Leaven-
worth and the city treasurer of Leavenworth city. The
taxes thus paid to John C. Douglass were for the years 1870,
1871, 1872, 1873, 1874, 1875; and John C. Douglass has not
in any manner accounted to the defendant for the taxes so as
aforesaid paid to him by the defendant."

CONCLUSIONS OF LAW.

"1. It appearing from the foregoing facts that the defend-
ant has an interest in the premises beyond that of a mere
tenant holding over beyond his term, the action of forcible
detainer does not lie.

"2. The defendant is entitled to a judgment for costs."

Plaintiff excepted to the conclusions of law, and afterward
filed a motion to vacate and set aside the decision and find-
ing, and for a new trial. The court overruled the motion,
and rendered judgment for defendant for costs. Plaintiff ex-
cepted, and brings the case here.

*John C. Douglass*, plaintiff in error, for himself.

The opinion of the court was delivered by

HORTON, C. J.: The conclusions of law found by the trial
judge upon the findings of fact made by him, appear to us to
be erroneous. Admitting that the tenant was entitled to the
improvements erected by him upon the lot, this did not give
him such an interest in the premises beyond that of a mere
tenant as prevented the plaintiff from having restitution
thereof by the action of forcible detainer.

The stipulation in the lease "that in case of failure of the
lessor's title to the lot, payment was to be made for all the
lessee's permanant and valuable improvements thereon," does
not figure in this controversy, as there is no pretense that the
lessor's title failed, and in the absence of express agreement
the landlord is not bound to pay for improvements made by
the tenant during his term. Therefore, there is nothing in
the conclusions of fact which forbade the lessor to take pos-
session until he had paid the value of the improvements.
Admitting for the purpose of argument that the cottage

which was erected by the lessee upon the lot was done so with the assent of the lessor and upon an agreement or understanding that the lessee might remove it when he pleased, the tenant did not thereby acquire such an interest in the premises as to permit him to hold possession without payment of rent. So far as concerns landlord and tenant, the general rule is, that the tenant's right to remove fixtures continues during his original term and during such further period of possession by him as he holds the premises under a right still to consider himself as tenant. In some cases, an outgoing tenant has the right to enter and remove improvements erected by him during his term; but in the absence of any agreement between landlord and tenant at what time fixtures are to be removed, the tenant may rightfully remove the improvements at any time before his right or enjoyment expires.

The judgment of the district court must be reversed, and the case remanded with directions to the court below to render judgment upon the conclusions of fact in favor of the plaintiff.

All the Justices concurring.