JOHN C. DOUGLASS v. BENJAMIN ANDERSON.

1. LANDLORD AND TENANT; *Sufficient Notice.* Where a notice is served by the landlord upon a tenant under ₹ 7, ch. 55, Comp. Laws of 1879, "to leave" the premises occupied by him, instead of "to quit," the words "to leave" are synonymous with "to quit," and the notice is in substantial compliance with the statute.

2. NOTICE; *Action to Eject Tenant, not Barred.* Where the landlord serves notice upon his tenant to leave or to quit his premises, and thereupon the tenant repudiates his lease, and disclaims to hold under his landlord, the landlord is not barred from commencing proceedings to eject his tenant, although a considerable length of time elapses after the service of the notice, as the tenant having repudiated the lease, and disclaimed to hold under the landlord, cannot be heard to say, upon the expiration of the notice, that a new tenancy has been commenced, and therefore that he is entitled to a fresh notice to determine his lease.

3. SUPREME COURT—*Nature of Mandate to Trial Court.* Where an action is tried by the court without a jury, and the plaintiff and defendant submit the case to the court upon the testimony produced by the plaintiff, and at the instance of plaintiff the court states in writing its conclusions of fact separately from its conclusions of law, and thereon the court renders judgment against the plaintiff, upon the proceedings in error to the supreme court, if it does not appear that the findings are against the evidence, it is the duty of the supreme court to send a mandate to the court below, directing it to render such judgment in the premises as it should have rendered on the facts found.

## Motion for Rehearing.

THIS case is reported in 28 Kas. 262, *et seq.*, where the facts are stated. Defendant in error filed his motion for a rehearing, which the court decided at its session in July, 1884.

*H. B. Thomas,* and *John C. Douglass,* for plaintiff in error.

*Lucien Baker,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: A motion for a rehearing has been presented in this case, and a motion has been filed to recall the mandate and modify the judgment rendered by this court, so as to permit a new trial in the district court. (See 28 Kas. 262.)

The contention is, that as § 7 of ch. 55 of the act in relation to landlords and tenants provides that the tenancy for three months or longer may be terminated by a ten-days notice in writing to quit for the non-payment of rent, that the notices served were insufficient because they required the defendant "to leave" instead of "to quit" the premises of the plaintiff. "To leave" as used in the notices served is synonymous with "to quit," and the statute referred to was substantially complied with. The plaintiff served the first notice in writing upon the defendant to leave the premises, about the 1st day of May, 1880, and he served a second notice upon defendant on July 24, 1880, but did not commence his action of forcible detainer until July 23, 1881; and therefore it is claimed that, as the plaintiff omitted to commence his action for such length of time after the service of the last notice, it was nec-

essary for him to give a fresh notice before taking proceedings. (Taylor's Landlord and Tenant, 4th ed., § 487.)   This rule of law does not apply, because upon the facts of this case a new tenancy cannot be considered as having commenced after the expiration of the notices to leave.   The defendant did not consider himself a tenant of the plaintiff, but repudiated the lease and disclaimed to hold under him.   Defendant cannot now be heard to say he was plaintiff's tenant, and entitled to a fresh notice to determine his lease. (Taylor's Landlord and Tenant, § 522.)

In support of the motion to recall the mandate and modify the judgment rendered by this court, our attention is called to the record, which states that the plaintiff, to maintain the issue on his part, offered and read in evidence testimony showing the facts to be as afterward specifically found by the court, and rested.   Thereupon the defendant offered no evidence, but moved the court for judgment on the plaintiff's evidence. The plaintiff objected.   The court overruled the objection and granted the motion, and plaintiff excepted; whereupon, the plaintiff having previously requested the same to be done, the court stated in writing the conclusions of fact found separately from the conclusions of law.

An affidavit has also been filed, tending to prove what occurred upon the trial.   We are bound by the record before us, as it comes in the form of a case-made, and the case must therefore be controlling.   If the defendant had interposed and filed a demurrer to the evidence of plaintiff after he had closed his case, upon the ground that no cause of action had been proved, then upon reversing the ruling of the court sustaining such demurrer, we would have directed a new trial.   The record does not purport to contain any demurrer to the evidence, and we must interpret it to mean that the case was submitted to the court upon the evidence presented by the plaintiff.   The plaintiff had previously requested the court to find the facts specially, and state its conclusions of law thereon.   This was afterward done by the court, and the case came to this court upon the facts found by the court below.   In such a case, when

it does not appear that the findings are against the evidence, it is the duty of this court to send a mandate to the court below directing it to render such judgment in the premises as it should have rendered on the facts found. (Code, § 559.)

If the defendant was willing to submit the case upon the evidence presented by plaintiff, he had the right so to do; but having submitted the case upon such evidence, he cannot now claim that he merely intended to demur to the evidence, or that the submission of the case upon the evidence of plaintiff had the same effect as the filing of a demurrer thereto. After the case was submitted, the court, in complying with the request of plaintiff, and in the performance of its duty, made special findings, and now we perceive no way by which the case is to be reopened, after judgment has been rendered upon the findings in this court, so that additional evidence known to and in the possession of the defendant at the trial of the case may be introduced to lay the foundation for new and other findings. The motion will be overruled.

All the Justices concurring.

JOHN C. DOUGLASS v. BENJAMIN ANDERSON.

*Per Curiam:* The judgment of the district court will be reversed, upon the authority of *Duffitt v. Crozier*, 30 Kas. 150 and the case of *Douglass v. Anderson*, upon a motion for rehearing, just decided.