## MEAGHER v. HARJO et al.

No. 8631—Opinion Filed April 1, 1919.

(179 Pac. 757.)

(Syllabus.)

### Appeal and Error—Finding of Court—Review

Where a jury is waived and issues of fact submitted to the court, a finding of fact, made by the trial court upon conflicting testimony, will not be reversed by this court, where there is testimony reasonably tending to support such finding.

Error from District Court, Okfuskee County; Geo. C. Crump, Judge.

Action by Buddie Harjo, a minor, and others, against Thomas F. Meagher. Judgment for plaintiffs, and defendant brings error. Affirmed.

S. B. Dawes and P. W. Gardner, for plaintiff in error.

C. T. Huddleston, for defendant in error Moore.

E. C. Hooper, Jr., for defendants in error Phillips and Hawkins.

Frank L. Warren, for defendants in error Harjo.

HARRISON, J. This controversy grew out of the following state of facts:

Ben Hawkins, whose Indian name was Yarkhina Harjo, was enrolled as a full-blood Creek Indian, who died in 1900, and his allotment, comprising the northwest quarter of section thirty-four (34) township twelve (12) north of range eleven east, was selected after his death. He had been married five times, and left three sets of children, to wit: Jeannetta Harjo and Turner Hawkins, children of the first wife; Mac Hawkins, a son of the second wife; and Lizzie Phillips, nee Hawkins, and Willie Hawkins, children of the last wife, who survived him.

Mac Hawkins, the only child of the second wife, died intestate and without issue in 1905, thus leaving the contest between the children of the first wife and the children

of the last wife. Jeannetta Harjo, daughter of the first wife, died soon after her father did, but left two sons, Buddie and Willie Harjo, who instituted this action.

Turner Hawkins, son of the first wife, died in 1906 intestate and without issue thus leaving the contest between his sister Jeannetta's two sons and the two children of the last wife. But Turner Hawkins before his death assuming to be the sole heir at law, conveyed the entire allotment to Charles F. Runyan and Thomas F. Meagher plaintiff in error herein. Runyan subsequently conveyed his interest to Meagher, who was in possession of the land at the time suit was brought.

The suit was begun by Buddie and Willie Harjo, sons of Jeannetta Harjo, as the sole surviving heirs of their grandfather, Ben Hawkins or Yarkhina Harjo; Thomas F. Meagher answered their petition, claiming title through the deed from Turner Hawkins to himself and Runyan, and further alleging that Turner's sister, Jeannetta, died before her father, and that after the death of the father, and after the death of the half-brother, Mac Hawkins, son of the second wife, Turner Hawkins then became the sole surviving heir at law.

Lizzie Phillips and Willie Hawkins, children of the last wife, intervened in the action, claiming themselves to be the sole surviving heirs; also the defendant in error Lake Moore filed answer and cross-petition, claiming an undivided one-half interest in the land, through a deed from Eliza Hawkins, surviving wife of Ben Hawkins, the deceased allottee. There were other parties to the suit in the court below, who were dropped out for reasons immaterial to the determination of the question presented here.

The issue made by Thomas F. Meagher was that the children of the last wife, Lizzie Phillips and Willie Hawkins, were not legitimate, and therefore took no part of the estate, and further contending that Jeannetta Harjo died before her father did, that after her death the entire estate descended to Mac Hawkins, son of the second wife, and Turner Hawkins, son of the first wife, and that when Mac Hawkins died the whole estate went to Turner Hawkins. The children of the last wife being illegitimate left Turner Hawkins the sole surviving heir, with power to convey the entire estate.

Jeannetta's children maintained that she died after her father did, and that they would therefore inherit whatever estate she had. The children of the last wife, Lizzie Phillips and Willie Hawkins, maintained that their mother was the lawful wife of their father, Ben Hawkins, and that they were legitimate heirs. Lake Moore claimed that Eliza Hawkins was the lawful wife of Ben Hawkins, and had authority to convey her interest in the allotment.

The court heard the testimony of a great number of witnesses, both on the issue as to whether Jeannetta Harjo died before her father did, and on the issue as to whether Eliza Hawkins was the lawful wife of Ben Hawkins, and, after hearing the testimony of all the witnesses, made certain special findings of fact and conclusions of law, among which findings of fact were that Ben Hawkins died in 1900; that Jeannetta Harjo, daughter of Ben Hawkins, died in 1901, after the death of her father, leaving two children, Buddie and Willie Harjo, who brought this action. On the issue as to whether Eliza Hawkins was the lawful wife of Ben Hawkins the court found that she was, and that her two children, Lizzie and Willie, were legitimate.

Among the conclusions of law reached by the court were that the Creek law of descent and distribution was in force at the time the allottee died, section 6 of which law is as follows:

"Be it further enacted that, if any person died without a will, leaving property and children, the property shall be equally divided among the children, by disinterested persons, and in all cases where there are no children the next relation shall inherit the property."

Section 8:

"The lawful and acknowledged wife of a deceased husband shall be entitled to one-half of the estate if there be no heirs or an heir's part if there shall be other heirs; in all cases where there is no will, the husband surviving shall inherit of a deceased wife in a like manner."

Under the said law of descent and distribution as applied to the facts in the case, the court concluded: That at the time of the allottee's death there were six heirs, to wit: Jeannetta Harjo and Turner Hawkins, of the first wife, Mac Hawkins, of the second wife, Lizzie Phillips and Willie Hawkins, of the last wife, and Eliza Hawkins, the last wife, all of which would inherit an equal portion under the Creek law. That therefore Thomas F. Meagher, plaintiff in error, was entitled to all the interest which Turner Hawkins, as grantor, had in the estate, which was a one-sixth interest of all the estate, and a one-fourth interest of Mac Hawkins' portion of the estate; that

is, that Meagher was entitled to a one-sixth interest of the entire estate, plus a one-fourth of the one-sixth interest, or five twenty-fourths interest of the entire estate. That Lake Moore, one of the defendants in error, was entitled to all the interest of Eliza Hawkins, as the surviving lawful wife of deceased, which was a one-sixth interest of the allotment. That Lizzie Phillips, nee Hawkins, and Willie Hawkins, children of the last wife, were each entitled to a five twenty-fourths interest. That Buddie Harjo and Willie Harjo were each entitled to one-half of a five twenty-fourths interest, which was a five forty-eighths interest—and rendered judgment and decree accordingly.

From such judgment plaintiff in error appeals, but presents and argues in his brief but two issues, both issues of fact—one that Jeannetta Harjo died before her father and the other that Eliza Hawkins was not the lawful wife of Ben Hawkins, the deceased allottee; that therefore, Eliza Hawkins not being the lawful wife, her children, Lizzie Phillips and Willie Hawkins, were not lawful heirs; that, Jeannetta Harjo having died before her father, upon her father's death the entire estate descended to Turner Hawkins and Mac Hawkins; and that when, Mac Hawkins died it all descended to Turner Hawkins. Therefore the deed of Turner Hawkins conveyed title to the entire allotment.

From an examination of the record we cannot sustain either of these contentions. There was some conflict in the testimony as to whether Jeannetta Harjo died before or after her father, but there is sufficient testimony tending to show that she died after her father died, and sufficient evidence tending to support the finding of the court that she did die after her father.

As to the testimony in regard to whether Eliza Hawkins was the lawful wife of the deceased, there was no direct positive testimony that she was not; there was testimony as to how they lived, which, in the absence of testimony to the contrary, might have justified the inference that they were not lawfully married; but on the other hand, there was ample positive testimony tending to show that they were lawfully married according to the Creek custom and laws, and that they lived together as man and wife under the Creek custom and laws of marriage, and that the two children, Lizzie and Willie, were born of such marriage, and therefore legitimate.

That they became man and wife, and lived together as a man and wife according to the

Creek custom, was a question of fact found by the court under the testimony. That such finding of fact, and also the finding of fact that Jeannetta Harjo died after her father, being based upon conflicting testimony, will not be disturbed by this court, where there is testimony reasonably tending to sustain such finding, has been decided by this court in, Conner v. Warner, 52 Okla. 630, 152 Pac. 1117, Theo. Maxfield Co. v. Andrus et al., 56 Okla. 247, 155 Pac. 1163, and many other cases.

That the marriage according to the Indian custom and the living together as man and wife according to such custom, constitutes a lawful marriage, and renders the offspring legitimate, has been decided by this court, and by the courts of other states, in a number of cases. Oklahoma Land Co. et al. v. Thomas et al., 34 Okla. 681, 127 Pac. 8; Cyr v. Walker, 29 Okla. 281, 116 Pac. 951, 35 L. R. A. (N. S.) 795; Brown et al. v. Steele et al., 23 Kan. 672; Kalyton v. Kalyton, 45 Ore. 116, 74 Pac. 491, 78 Pac. 332.

It is well to observe, however, that plaintiff does not raise the question that a marriage according to the Creek custom constitutes a lawful marriage but questions the correctness of the court's finding that they were married according to the Creek custom. This and the question as to whether Jeannetta Harjo died before her father did are the only questions presented in the brief of plaintiff in error. For the reasons herein given neither of such contentions can be sustained.

The defendant in error Lake Moore, and the defendants in error Lizzie Phillips and Willie Hawkins, and defendants in error Buddie Harjo and Willie Harjo, have each filed briefs asking that so far as they be concerned, and in so far as the judgment of the trial court affects the plaintiff in error and the respective defendants in error, the judgment of the trial court be affirmed.

Finding no error, the judgment is affirmed.

All the Justices concur.