### DUSTIN GROCERY & FEED CO. v. LUCAS et al.

No. 11477—Opinion Filed May 15, 1923.

**Appeal and Error — Review — Questions of Fact—Findings.**

If upon the trial of issues of fact a jury is waived and the cause submitted to the court, a finding of fact made by trial court upon conflicting testimony will not be reversed upon appeal, if the testimony reasonably tends to support the judgment of the court.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Hughes County; John L. Coffman, Judge.

Action by J. F. Lucas, C. O. Lucas, M. D. Lucas, and K. V. Lucas, doing business under the firm name of Lucas & Sons, a copartnership, against the Dustin Grocery & Feed Company, a corporation. Judgment for plaintiffs and defendant brings error. Affirmed.

H. W. Carver and George C. Crump, for plaintiff in error.

Turner & Lucas, for defendants in error.

Opinion by STEPHENSON, C. The plaintiffs commenced their action against the defendant upon an alleged contract for the sale of a car of potatoes by the defendant to the plaintiffs. It was alleged in the petition that the defendant sold the plaintiffs a car of northern seed potatoes for the sum of $3.85 per hundred, delivered at Wetumka, Oklahoma, but that contrary to contract the defendant shipped a car of potatoes billed to plaintiff at $4.85 per hundred, and that there was a shortage of 6,000 pounds, and that the plaintiff took up the draft covering the alleged shortage and excess in price amounting to $591. The defendant filed its answer joining issue upon the question tendered by the plaintiffs, and further alleging that northern potatoes meant those grown in Nebraska, which was the class of potatoes that defendant agreed to sell the plaintiffs. The defendant further alleged that at a later time it advised the plaintiffs that there would be a delay in shipping the northern potatoes, but it would ship a car of Wisconsin or Minnesota potatoes at $4.85 per hundred. The plaintiffs contended they understood northern potatoes to mean Wisconsin or Minnesota potatoes, and that this was the class they purchased, or agreed to purchase, from the defendant. All these questions were sharply disputed between the parties to the suit. A jury was waived and the issues of facts were submitted to the court for trial. There was abundant evidence introduced by the parties in support of their respective contentions. Upon all the testimony introduced in the case the court found the issues of fact in favor of the plaintiffs, and rendered judgment for the plaintiffs in the sum sued for.

This court has previously announced the rule to be that where the parties waive a jury and submit the issues of fact to the court, a finding of fact made by the trial court upon conflicting testimony will not be reversed where there is testimony reasonably tending to support the finding and judgment of the court. Meagher v. Harjo et al., 72 Oklahoma, 179 Pac. 757; Foreman v. Needles et al., 78 Okla. 105, 188 Pac. 1087; Conner v. Warner, 52 Okla. 630, 152 Pac. 1116; Bohart v. Mathews, 29 Okla. 315, 116 Pac. 944; McCann v. McCann, 24 Okla. 264, 103 Pac. 694.

The action of the trial court in overruling motion to quash garnishment proceedings in this case is approved upon the record as diclosed. But it appears from the record that the court was fully warranted in arriving at the conclusion upon which the ruling was based. We recommend that the case in all matters be affirmed.

By the Court: It is so ordered.