### BANK OF BIG CABIN v. LYONS.

No. 11196—Opinion Filed May 15, 1923.

**Mortgages — Validity — Proof of Signatures—Bona Fide Purchasers—Denial of Execution of Instrument.**

Admitting signature where defendant in his answer denies the execution of the mortgage sued on, but on the trial admits his signature to the mortgage, but says he has not recollection of signing it, held insufficient to defeat the priority of the mortgage over a deed executed subsequent to the mortgage.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Mayes County; A. C. Brewster, Judge.

Action by William Lyons against Bank of Big Cabin and others. Judgment for plaintiff, and defendant Bank of Big Cabin brings error. Affirmed.

S. F. Parks, for plaintiff in error.

Dennis H. Wilson, for defendant in error.

Opinion by MAXEY, C. This action was commenced in the district court of Mayes county by William Lyons against Eliza L. Orr, E. L. Orr, Harold J. Orr, a minor, Colonial Trust Company, a corporation, Bank of Big Cabin, a corporation, and C. S. Walker, to foreclose a mortgage on a certain tract of land situated in Mayes county, described as follows: The north half of the southwest quarter of the northwest quarter of section 1; and the east half of the north east quarter of the northeast quarter; and the southwest quarter of the northeast quarter of the northeast quarter of section 2; all in township 23, north, range 19 east, containing 50 acres more or less—which said mortgage bore date of July 1, 1913, and purported to have been made by J. W. Orr and Eliza Orr to Colonial Trust Company, to secure an indebtedness of $2,000 and interest. The plaintiff alleges in his petition that on the 28th day of April, 1915, the Colonial Trust Company executed to him a written assignment in due form of law and for a valuable consideration, of all its interest in said mortgage and the notes which it was given to secure and that he had been the owner of same ever since, and is now the owner of same; that the debt secured by said mortgage is wholly unpaid; and prayed for a foreclosure of same.

The defendant Bank of Big Cabin filed its answer and a cross-petition. In its answer, it denied generally the allegations of plaintiff's petition and denied specifically that J. W. Orr and wife executed the mortgage purported to have been executed to the Colonial Trust Company and assigned to the plaintiff herein, and alleges that if said mortgage to the Colonial Trust Company covers the east one-half of the northeast quarter of the northeast quarter and the southwest quarter of the northeast quarter of section 2, township 23, north, range 19 east, containing 30 acres, more or less, said lands were included in said mortgage through error and mistake on the part of the mortgagor, and through fraud on the part of the mortgagee; and asked that said mortgage be reformed to speak the truth.

Defendant Bank of Big Cabin, in its cross-petition, alleges that it is the owner in fee and in the actual and peaceable possession of the 30-acre tract of land described in its answer; and that said defendant Bank of Big Cabin derived title to same by warranty deed from J. W. Orr and Eliza L. Orr for a valuable consideration on the 12th day of December, 1914, which said deed was duly recorded in the proper office in Mayes county; and attached a copy of said deed to its cross-complaint. The Bank of Big Cabin further alleges in its cross-petition that J. W. Orr and wife never, at any time, executed a mortgage, or any other conveyance, covering the land belonging to defendant, other than the warranty deed to said de-

fendant. It alleges that said lands, belonging to defendant, were included in the instrument herein sued on through error and mistake on the part of said J. W. Orr, and through fraud on the part of the purported mortgagee, the Colonial Trust Company. It alleges that at the time of the execution of said purported mortgage, the said J. W. Orr was ill and physically unable to attend to his business affairs and during the preparation of the instrument sued on he relied on the officers of the Colonial Trust Company and that the mortgaging of the land belonging to the defendant the Bank of Big Cabin was an error or mistake and that the said mortgagor, J. W. Orr, before executing said mortgage, was assured by the Colonial Trust Company that the land belonging to defendant the Bank of Big Cabin was not included in said mortgage; and acting on said fraudulent representation, the said J. W. Orr executed the said pretended mortgage, and that all the mistakes and errors herein alleged to be in said mortgage should be reformed so that it speak the truth, and the land belonging to defendant Bank of Big Cabin be stricken therefrom, and that both instruments are clouds upon the title of the land of the defendant the Bank of Big Cabin. It seems that the Colonial Trust Company had in some way got a warranty deed to this land about May, 1913, which was alleged to be a forgery, and as the Colonial Trust Company did not answer in this case and deny the forgery, it was adjudged in default and said deed was canceled in the final judgment of the court.

The defendants Eliza L. Orr and E. L. Orr filed a separate answer in which they admit that they are heirs of J. W. Orr, who it appears died after the institution of this suit, and admit that J. W. Orr executed the notes sued on and admit that he defaulted in the payment of same, but deny that plaintiff was the legal owner of said note and mortgages. They also admitted that they executed a mortgage on the north one-half of the southwest quarter of the northwest quarter of section 1, but denied that they executed a mortgage on the land covered by the deed executed to the Bank of Big Cabin, and, alleged that same was included in the mortgage through error and mistake on the part of J. W. Orr and his wife, E. L. Orr, and also pray that said mortgage be reformed by striking out the 30-acre tract sold to the Bank of Big Cabin.

The plaintiff filed an answer to the cross-petition of the Bank of Big Cabin, which is a general denial, and also filed a reply to the other defendants' answer. And on page 29

of the case-made there was an answer of the guardian ad litem of Harold J. Orr filed, which is in the usual form of a general denial and prays for strict proof. And on the 29th day of September, 1919, the case was tried by the court. The first testimony offered was the depositions of J. W. Orr. Orr was questioned with reference to the execution of the mortgage and notes sued on, and said that he had no recollection of such a transaction, but he admitted that the signatures to the mortgage were his and his wife's signatures, but said he never intended to execute a mortgage or any other instrument on the land described in the deed to the Bank of Big Cabin, because the transaction with the Bank of Big Cabin was a bona fide transaction and that he received a valuable consideration for the deed executed to the Bank of Big Cabin, but he could not remember that he had ever received anything for the mortgage executed to the Colonial Trust Company; and said the deed to the Colonial Trust Company was written on a blank form that he had signed—that it never was his intention to execute a deed to the Colonial Trust Company to the 30 acres deeded to the Bank of Big Cabin. It appears that Orr owed the Bank of Big Cabin a note for $1,200 and that he had made a payment of $500 and this deed to the 30 acres of land to the Bank of Big Cabin was to satisfy said note and interest.

The testimony of Mr. Orr is about all of the testimony that has any bearing on the question at issue. After hearing all of the testimony, the court entered judgment of foreclosure for all of the land included in the mortgage, on the ground that Lyons, who had introduced in evidence the written assignment of the notes and mortgage, which was not denied by any testimony, was a bona fide holder of said notes and mortgage, but canceled the deed from Orr and wife to the Colonial Trust Company and held that the deed to the Bank of Big Cabin was subject to plaintiff's mortgage, and entered judgment accordingly.

We have examined the record in this case with a good deal of care and read all the testimony, as well as briefs of counsel, and after a thorough consideration of the questions raised we are satisfied that the trial court reached the right conclusion. We believe that the Colonial Trust Company acted in bad faith with J. L. Orr and took advantage of his condition, but there is nothing in the record that would justify the court in holding that the plaintiff, Lyons, had any knowledge of the fraud practiced on Orr in obtaining the mortgage sued on.

Orr, who testified in the case, says that he has no recollection of the transaction, but that the signatures to the note and mortgage are his and his wife's signatures. He thus, unwittingly perhaps, put the Colonial Trust Company in a position to transfer said note and mortgage to some one that was innocent of the fraud that had been perpetrated, and under the evidence in this case, Lyons, the plaintiff, is not chargeable with knowledge of the fraud practiced in procuring the mortgage, and takes the mortgage free from such fraud; and said. mortgage is therefore a lien on the land sold to the Bank of Big Cabin and said deed is subject to the mortgage. We think the judgment of the trial court was right and should be affirmed.

We have examined the testimony and in our judgment, the proof clearly supports the findings of the trial court. It is the province of courts of equity, whose jurisdiction is appealed to in such cases, to grant relief, though its exercise should be carefully guarded, and relief granted only where the evidence is clear and convincing. The case was carefully tried by the trial court, and in our judgment it reaches the only conclusion it could have reached under the facts. Where the parties to a suit submit the issues of fact to the court, the finding of the judge, upon the facts, shall have the force and effect of a verdict by jury. Doekstader v. Gibbs et al., 34 Okla. 497, 126 Pac. 229; Hunter Realty Company et al. v. Spencer et al., 21 Okla. 155, 95 Pac. 757.

The findings of the facts made by the court are amply supported by the testimony, and the judgment should be affirmed.

By the Court: It is so ordered.