## THOMPSON v. RENFROW et al.

No. 19360. Opinion Filed Dec. 30, 1930.

Rehearing Denied March 10, 1931.

Cornelius Hardy, for plaintiff in error.

Orr & Woodford, Anglin & Stevenson, Saunders & Emerick, King & Delaney, Hiatt & Hannigan, and Ralph P. Welch, for defendants in error.

B. C. Logsden and Allen & Jarman, for defendant in error Anderson-Prichard Oil Corporation.

Hiatt & Hannigan, for defendants in error A. C. McKoy, William A. Hiatt, and J. P. Hannigan.

A. E. Pearson, Hal Houston and Warren Edwards, for defendant in error Homaokla Oil Company.

HUNT, J. This case presents alleged error from the district court of Pontotoc county. Plaintiff sought reformation of a deed executed by herself and husband in June, 1919, conveying certain lands in Pontotoc county to H. D. Renfrow, contending that at the time of the execution and delivery of the deed same contained a clause reserving to her an undivided one-half of the mineral rights which had been altered and eliminated after the execution and delivery of the deed without her knowledge or consent, and that she did not discover same until in March, 1927, almost eight years after the execution and delivery of the deed. This suit was filed in July, 1927, and during the eight years intervening between the execution of the deed and filing of this suit numerous conveyances, including mortgages, oil and gas leases, assignments, etc., were executed, by reason whereof the defendants herein, other than the defendant Renfrow, claim some right, title, and interest in the land involved. The defendants answered denying generally and specifically all the allegations of the plaintiff, and further pleaded that they were purchasers for value without notice of any claim of plaintiff, and that plaintiff had been guilty of negligence and laches by her conduct and was barred and estopped from asserting her claim in equity for reformation of deed. Trial was had to the court without a jury and judgment rendered in favor of defendants and against plaintiff. Timely motion for a new trial was filed and overruled, and plaintiff brings the cause here for review.

Six assignments of error are set out by plaintiff, as follows:

(1) That the trial court erred in making a finding of facts when not requested by either plaintiff or defendants.

(2) That the findings of facts are not sustained by law and are contrary to the evidence.

(3) That the findings of facts are contrary to law.

(4) That the judgment is not sustained by sufficient evidence.

(5) That the judgment is contrary to law.

(6) Errors of law occurring at the trial and excepted to by plaintiff at the time.

Same are consolidated and discussed under two propositions listed as interrogatories in plaintiff's brief as follows:

"1st. Was the deed of plaintiff and her husband, conveying to defendant Renfrow plaintiff's homestead allotment, as a Chickasaw Indian, forged by the alteration and elimination therefrom of the reservation to the plaintiff of an undivided one-half of the oil and gas, and by whom was the alteration or elimination made?

"2nd. Was J. A. Thompson, as the agent of the plaintiff, authorized to enter into an agreement with the defendant Renfrow to change the written contract between plaintiff and defendant, enter into a new contract, alter the deed that had been executed, acknowledged and delivered, by eliminating the reservation to plaintiff of one-half of the oil and gas, and deliver the deed in its altered condition?"

Plaintiff also contends that this being an equity case, it is the prerogative and duty of this court to review the entire record and to render such judgment as the trial court should have rendered, to wit: judgment reforming the deed and decreeing plaintiff to be the owner of an undivided one-half interest of the oil and gas in and upon or under the lands involved herein and remand the cause to the district court of Pontotoc county, with directions to enter such judgment and to make an accounting and render judgment in favor of plaintiff for the amount found due less one-half of the cost of production and for all costs.

That this is the rule applicable in this case is well settled, but it is equally well settled that before this court will reverse, remand, or modify the judgment of the district court in a case of this kind, it must clearly appear that the judgment of the district court is against the clear weight of the evidence.

The two propositions of plaintiff as above set forth were decided adversely to the contention of plaintiff, and in our judgment the sole question presented here for our determination is whether or not the conclusion reached and judgment rendered by the trial court is against the clear weight of the evidence. Unless we can so say from the record before us, it becomes our duty, under the well-established rule in this jurisdiction, to affirm the judgment of the trial court.

We have carefully reviewed the entire record, together with the findings of fact by the trial court based thereon.

Plaintiff contends that the trial court erred in making findings of fact when not requested so to do by either party. With this contention we cannot agree.

"If upon the trial of the issues of fact, a jury is waived, and the cause submitted to the court, a finding of fact made by the trial court upon conflicting testimony will not be reversed upon appeal if the testimony reasonably tends to support the judgment of the court." Dustin Grocery & Feed Co. v. Lucas, 91 Okla. 11, 215 Pac. 417; Chadwell v. Brown, 88 Okla. 44, 211 Pac. 410; Lockett v. U. S. Fidelity & Guaranty Co., 89 Okla. 142, 214 Pac. 687; Bank of Big Cabin v. Lyons, 91 Okla. 1, 215 Pac. 427.

In the instant case, the trial court sat as a trier of the facts and of necessity had to arrive at the facts from the evidence in order to decide the lawsuit, and if the court chose to announce findings or fact upon which it based its judgment, it certainly was its province nad clearly within its prerogative to do so and no error was thus committed, even if no request was made therefor by either party, and such finding will not be disturbed unless clearly against the weight of the evidence.

"In an equitable action, the presumption is in favor of the finding of the trial court, and it will not be set aside unless clearly against the weight of the evidence." Weaver v. Drake, 79 Okla. 277, 193 Pac. 45; Weitz v. Richardson, 101 Okla. 81, 222 Pac. 977; Chestnutt v. Hicks, 55 Okla. 655, 155 Pac. 545; J. B. Edgar Grain Co. v. Kolp, 48 Okla. 92, 149 Pac. 1096.

In the case of Nickel v. Janda, 115 Okla. 207, 242 Pac. 264, the court held:

"If upon the trial of issues of fact, a jury is waived, and the cause submitted to the court, a finding of fact made by the trial court upon conflicting testimony will not be reversed upon appeal if the testimony reasonably tends to support the judgment of the court."

In the case, Nickel v. Janda, supra, a similar question to that presented here was presented under a similar state of facts, and same is also cited by defendants to sustain their contention that plaintiff is barred from recovery in this action against the innocent purchaser defendant herein by reason of her laches and negligence. On this point the court said:

"If the grantor in a deed leaves blank spaces in the deed which may be filled in by the grantee, we cannot say she was free from all. negligence in delivering the deed in such a condition, and where she acknowledges the deed before a notary, the presumption is strongly in favor of the validity of the deed, and this presumption can only be overcome by clear and convincing testimony of such weight and cogency as to satisfactorily establish the wrongful conduct charged.

. That all the defendants, other than the defendant Renfrow, were bona fide purchasers for value without notice of plaintiff's claim is abundantly supported by the evidence.

The essential findings of the trial court were:

(1) That Mamie · Lee Thompson, the plaintiff, was a person of average intelligence, or above the average.

(2) That in connection with the transfer of the land here involved to defendant Renfrow her husband acted as her agent.

(3) That Renfrow refused and would not go ahead and consummate the trade with the reservation in the deed.

(4) That the trade was finally consummated between the Thompsons and Renfrows with the understanding and intention, so far as Renfrow was concerned, that there should be no reservation.

(5) That Renfrow received the lands in question without any reservation whatever.

(6) That the evidence fails to show that defendant Renfrow made any change in the deed.

Upon the facts as thus found by the trial court it was proper for the court to render judgment for defendants, and on appeal the burden is on plaintiff to show that such findings of the court are clearly against the weight of the evidence and that the evidence does not support the judgment rendered.

In our judgment the plaintiff has wholly failed to sustain this burden. In fact, we have no hesitancy in saying, after having carefully reviewed and analyzed this entire record, that the judgment rendered is not only not against the clear weight of the evidence, but is, in our opinion, the only judgment that court have properly been rendered by the trial court.

We have not set out any of the evidence in this opinion, feeling that no useful purpose would be served thereby, nor have we considered other questions presented and argued in the briefs for the reason that under our view of the case and the conclusion reached it becomes unnecessary to consider same.

The judgment of the trial court is in all things affirmed.

LESTER, V. C. J., and HEFNER, CULLISON, and SWINDALL, JJ., concur.

RILEY, J., concurs in conclusion.

ANDREWS, J., not participating.

MASON, C. J., and CLARK, J., absent.