## MURRAY TOOL & SUPPLY CO. et al. v. BRIDGEPORT MACHINE CO.

No. 21356.    Opinion Filed June 20, 1933.

Hulette F. Aby, William F. Tucker, and Frank Settle, for plaintiffs in error.

W. C. Farmer, for defendant in error.

BAYLESS, J. The Bridgeport Machine Company filed an action in the district court of Hughes county, Okla., against Anderson & Hill. a copartnership, Johnson & Ashe, a copartnership, and Murray Tool & Supply Company, seeking a personal judgment against the defendants, to foreclose a materialman's lien upon an oil and gas mining lease and the personal property thereon, and for other relief. The plaintiff dismissed as to Anderson & Hill, a copartnership, at the trial of the case. A personal judgment was rendered in favor of the plaintiff against the defendants Johnson & Ashe and Murray Tool & Supply Company. These defendants prosecute this appeal. Due to the numerous parties involved in the discussion of this matter, we will refer to the plaintiff below as plaintiff and the various defendants by name.

The case was tried upon the amended petition of the plaintiff, the substance of which is: That on or about the 30th of April, 1926, the plaintiff entered into a contract with Anderson & Hill and Johnson & Ashe. whereby the plaintiff was to furnish said parties material to be used in drilling a test well on a certain lease in Hughes county, Okla.; that said property was so furnished to said parties and that they are indebted to the plaintiff in the sum of $1,588.23, which they have refused to pay; that said plaintiff perfected its lien of record as required by law; that Anderson & Hill and Johnson & Ashe were partners in the drilling of said well and are severally liable for said material furnished, and that the plaintiff is entitled to a lien upon the lease and the equipment used in drilling said well. The plaintiff further alleges that Murray Tool & Supply Company is liable to it, and we quote from the amended petition to show the basis upon which plaintiff seeks to hold Murray Tool & Supply Company:

"Plaintiff further alleges that the defendant Murray Tool & Supply Company have purchased certain interests in said test well, derrick, machinery, tools, pipes and supplies belonging thereto, subject to the rights of this plaintiff, and plaintiff further alleges that said Murray Tool & Supply Company in their contract to purchase agreed to assume and did assume and agree to pay the obligation of this plaintiff; that said agreement to assume and pay was in writing, and signed by the Murray Tool & Supply Company, but this plaintiff does not have a copy of said agreement, but alleges the same to be in possession of defendants Johnson & Ashe, and plaintiff for that reason is unable to attach a copy of said agreement to this amended petition; that by reason thereof said defendant, Murray Tool & Supply Company, became liable to this plaintiff in the sum of $1,588.23, together with interest thereon at the rate of 6% per annum from the 13th day of July, 1926."

To this amended petition, the Murray Tool & Supply Company filed its answer, which is in the form of a denial, both general and specific, of the various allegations of the plaintiff's amended petition in so far as it pertains to the Murray Tool & Supply Company, or the perfecting of record of its lien, and in addition alleges that its claim to the drilling equipment of Anderson & Hill was under and by virtue of a note and chattel mortgage given to secure it. The separate answer of Johnson & Ashe was in the form of a denial, general and specific, of each allegation of the amended petition affecting Johnson & Ashe.

A portion of the written evidence introduced in behalf of the plaintiff disclosed that J. A. Culver executed an oil and gas lease upon the real estate in question, to W. G. Rogers, that W. G. Rogers in turn assigned the lease to Turman Oil Company, and that Turman Oil Company assigned a one-half interest therein to Johnson & Ashe. The answer of the garnishee, Atlantic Oil Producing Company, was admitted in evidence over the objections of defendants, which answer disclosed that Johnson & Ashe sold a one-fourth interest in the lease to the Atlantic Oil Producing Company for $15,000, with the additional agreement that the sale included a complete well upon the lease free of cost to the Atlantic Oil Producing Company contained in said answer. Since the Atlantic Oil Producing Company was not a party defendant, the matters were not binding upon anyone except itself. It appears from the record that Anderson & Hill had a written contract with Johnson & Ashe to drill a well upon this lease to a depth of 3,500 or 3,600 feet, for which they should receive, when the well was completed, $8,000 in

cash and a one-eighth interest in the lease. This written contract was not introduced in evidence. It appears that Anderson & Hill entered upon the task of drilling this well, drilled it to a certain depth, and encountered trouble, and that they rented of the plaintiff certain fishing tools and equipment, and thereby incurred an indebtedness to the plaintiff of $1,287.70. Anderson & Hill plugged this hole back a certain distance, and were to continue their operations, when they encountered financial difficulties. It appears that Murray Tool & Supply Company then undertook the drilling of the well and completed it. The oral and written evidence of the plaintiff discloses that Anderson & Hill ordered from the plaintiff all of the tools and equipment used, that Anderson & Hill's account was charged therefor, and nowhere does it appear that any other party or parties were known in the transaction between the plaintiff and Anderson & Hill until the filing of the lien statement which included Johnson & Ashe as debtors to the plaintiff. All of the indebtedness was incurred before Murray Tool & Supply Company started to drill.

Based upon this evidence, and after the plaintiff had dismissed as to Anderson & Hill, the court entered personal judgment against Johnson & Ashe and Murray Tool & Supply Company in favor of the plaintiff for $1,287.70, and a further judgment giving the plaintiff a materialman's lien upon the oil and gas leasehold estate, together with all derricks, tools, and other property thereon belonging to Murray Tool & Supply Company and Johnson & Ashe.

The brief of the appealing defendants, who are plaintiffs in error herein, assigns several grounds of error, but chiefly complains of uncertainty of the ground upon which the judgment was rendered, Johnson & Ashe denying that they were in any manner responsible for the indebtedness incurred, and Murray Tool & Supply Company denying it had assumed and agreed to pay the indebtedness incurred by Anderson & Hill, and each of them asserting that these allegations on the part of the plaintiff had not been proven. The plaintiff in its brief and its oral argument before this court supports the judgment of the trial court upon two grounds, namely: (1) It had proven that Murray Tool & Supply Company assumed and agreed to pay the indebtedness of Anderson & Hill to the plaintiff; or (2) if this was not shown, then a state of facts sufficient to constitute a mining partnership between Johnson & Ashe and Anderson & Hill was proven, and that

Murray Tool & Supply Company by stepping into the shoes of Anderson & Hill thereby became a member of the mining partnership and liable for its obligations. The view we take of this case necessitates a discussion of these two grounds only.

The evidence introduced in the trial of this case nowhere disclosed that Murray Tool & Supply Company ever, either orally or in writing, assumed and agreed to pay the indebtedness to the plaintiff incurred by Anderson & Hill. The plaintiff in its brief enters into a discussion designed to show that evidence which it introduced was sufficient to show this agreement of assumption by inference, in this manner: That, under the allegations of its amended petition, it was necessary for it to show a number of particulars, including the assumption agreement; that it had shown all of these particulars except the assumption agreement, and therefore it could not be charged with a failure of proof, but merely a variance or failure in one particular only, to-wit, the assumption agreement. If this statement of our understanding of the plaintiff's argument is correct, we are unable to agree with it. It is true that the plaintiff was required to prove a number of particulars in order to support its cause of action against Anderson & Hill, Johnson & Ashe, and the Murray Tool & Supply Company, but the essential particular in so far as the Murray Tool & Supply Company was concerned, was the assumption agreement. The plaintiff could prove any number of particulars in so far as the other defendants were concerned, and yet if it failed to show the assumption agreement by Murray Tool & Supply Company, it had proved no cause of action against the Murray Tool & Supply Company. Therefore, as to the assumption agreement, either written or oral, there is a total failure of evidence.

As to the allegations of the amended petition, that Johnson & Ashe, a copartnership, was a partner of Anderson & Hill, a copartnership, in drilling of the well, we can only say that the only evidence introduced by the plaintiff to show a jointure of interest with Johnson & Ashe with any other party, connects Johnson & Ashe with Turman Oil Company and not Anderson & Hill. The evidence of the plaintiff shows that Anderson & Hill had a contract to drill a well for Johnson & Ashe and that is all. The evidence of the plaintiff is nowhere sufficient to show a commercial partnership between Johnson & Ashe and Anderson & Hill.

We next consider the plaintiff's contention that the evidence introduced is sufficient to show the existence of a mining partnership between the parties involved in this transaction. This court has on numerous occasions in the past had occasion to consider the question of what constitutes parties mining partners, or what set of facts will make a mining partnership. Mr. Justice Welch, in the case of National Union Oil & Gas Co. v. Richard, decided May 16, 1933, 164 Okla. 13, 22 P. (2d) 88, lays down the rule as follows:

"When two or more persons own interests in the gas rights under an oil and gas lease, and the premises are developed under said ownership, the owners of such interests may become mining partners by express or implied agreement, or by joining together in the actual development in such manner as to indicate an intention to share as mining partners in the profits of the enterprise. In such case, if the facts of co-operation in the actual development warrant it, the law will presume or imply a willingness or an agreement to also share in the losses, when such losses represent balances due laborers for work done in the development, pursuant to employment by one of the mining partners, when such employment is in furtherance of the general plan of development, and for the joint benefit of such owners."

The evidence in this case unquestionably shows an ownership of interest in this lease by various parties and the possibility of Anderson & Hill acquiring an interest therein upon the performance of their contract. The evidence in this case shows that certain of these parties, as well as parties not parties to this lawsuit, furnished some of the equipment or certain other articles necessary to the drilling of this well. It nowhere appears that any of these parties entered into a written agreement to be or become mining partners, or to create a mining partnership. There is no evidence in this record of an expressed intent on the part of these various parties to become mining partners. There is no evidence that any of these parties co-operated in the drilling of this well, further than the furnishing of certain material, and the record fails to show that they took an actual, active, mutual interest therein. The evidence does show that at one time Anderson & Hill were engaged in using their own property, as well as that of others, in the drilling of a well.

It appears that when they failed, Murray Tool & Supply Company, using someone else's property, or perhaps its own, completed the well. It does not appear that while Anderson & Hill was drilling that Johnson & Ashe, the Murray Tool & Supply Company, Turman Oil Company, or the Atlantic Oil Producing Company, in anywise directed or actively co-operated or participated in the drilling operations. It is not shown that anyone contracted with Anderson & Hill with reference to this well and lease before or while they were actually drilling the well, except Johnson & Ashe. It does not appear that while Murray Tool & Supply Company was drilling this well, Johnson & Ashe, Turman Oil Company, and Atlantic Oil Producing Company in any wise directed, actively co-operated, or participated in drilling operations.

In our opinion the evidence introduced in this action fails to meet with the requirements of a mining partnership as set out in the case of National Union Oil & Gas Co., v. Richard, supra.

The plaintiff has wholly failed to show the existence of a mining partnership.

The plaintiff having failed to show the existence of a mining partnership, a discussion of the liability of the partners incident to a mining partnership and the purchase of an interest in a mining partnership is needless.

Under the facts shown in this case, the plaintiff is a subcontractor, and under the rule announced in Christy v. Union Oil & Gas Co., 28 Okla. 324, 114 P. 740, and Josey Oil Co., y. Ledden, 162 Okla. 262, 20 P. (2d) 582, was not entitled to a subcontractor's lien because Anderson & Hill, the principal contractor, did not perform its contract, by reason of which the owners of the oil and gas leasehold did not become indebted to it.

Therefore, the judgment of the trial court is reversed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and BUSBY, JJ., concur, WELCH, J., absent.