E. E. HOLLOMAN and T. C. McNutt, Plaintiffs in Error,

v.

E. W. BRITTON and George C. Wright Lumber Company, Defendants in Error.

No. 38312.

Supreme Court of Oklahoma.

Oct. 13, 1959.

Rehearing Denied Nov. 24, 1959.

Arnett & McDaniel, by Hollis Arnett, Mangum, for plaintiffs in error.

Harbison & Whiteside, Altus, for defendants in error.

BERRY, Justice.

Plaintiff in error, E. E. Holloman, hereafter referred to as "owner", entered into a contract in writing with plaintiff in error, T. C. McNutt, hereafter referred to as "contractor", to construct a round-top barn on owner's farm located in Greer County, Oklahoma, for a total consideration of $3,500, $500 of which was paid at the time the contract was entered into. Contractor subsequently entered into a contract in writing with defendant in error, E. W. Britton, hereafter referred to as "subcontractor", to construct said barn for a consideration of $3,600. Contractor testified that his purpose in agreeing to cause the barn to be constructed at a loss was to promote the building of quonset barns in the vicinity of owner's farm and thus further his business which was that of building said type of barn.

Within the time provided in 42 O.S.1951 § 142, subcontractor filed a lien statement with the Clerk of the District Court of Greer County in which subcontractor referred to his contract with contractor and stated in substance that the contract had been complied with and asserted a lien in the amount of $3,600 against the real estate upon which the barn was constructed. Subcontractor subsequently filed this action to foreclose said lien and for judgment against owner and contractor for $3,600, together with interest from date of filing said action.

Defendant in error, George C. Wright Lumber Company, hereafter referred to as "lumber company" was made a party to this action and upon being made a party filed a "Plea In Intervention", wherein it alleged in substance that it furnished building materials to subcontractor of the value of $2,002.74 which were used in building the barn and that no part of said sum had been paid; that it had timely filed a materialman's lien in said sum and in which it asserted a lien against the real estate upon which the barn was built; that it was entitled to judgment against owner, contractor and subcontractor in the amount of $2,-002.74, together with interest at 6% from December 26, 1956, and foreclosure of its lien. Subcontractor and not owner contracted for the building materials.

Owner and contractor filed separate answers to the petition of subcontractor and the plea in intervention of lumber company and therein alleged in substance that the barn was not built in accordance with the contracts and specifications; that the barn was never completed; that the lumber in the barn was of inferior grade and quality; that the workmanship was "shoddy and badly done" that the barn leaked in time of rain and was totally unfit for the storage of grain, hay or machinery. Subcontractor and lumber company were, on the date of the trial, granted permission to file verified replies to owner and contractor's answers instantur, which replies were apparently never filed.

The parties elected to forego right of trial to jury and proceeded to trial before the court. At the conclusion of the trial, the trial court found for subcontractor and lumber company and subsequently entered judgment for subcontractor against owner and contractor in the amount of $498, together with interest, and entered judgment in favor of lumber company against owner and contractor in the amount of $1,252, together with interest. Subcontractor and lumber company were allowed liens in the amount of their judgment and foreclosure of the liens was ordered.

The trial court also made specific findings of fact and conclusions of law which findings of fact embraced these:

"(11) The Court further finds that the lumber furnished by Geo. C. Wright Lumber Company did not substantially comply with the contract, was pithy and of inferior grade and that by reason thereof there should be deducted the sum of $750.00 from said $2,002.00, leaving a balance due Geo. C. Wright Lumber Co. of $1,-252.00.

"(12) The Court further finds that the labor furnished and the workmanship did not substantially comply with the terms of the contract, expressed and implied, and that by reason thereof the amount of $1,498.00, as above found should be reduced by $1,000.00, leaving a balance of $498.00 due said E. W. Britton."

■ A request for specific findings of fact and conclusions of law was not made prior to the trial of this case and for said reason subcontractor and lumber company contend that said findings and conclusions should not be considered. In Thompson v. Renfrow, 148 Okl. 8, 296 P. 404, we held in the first paragraph of the syllabus that "In a case wherein a jury is waived, and disputed questions of fact are submitted to the court, it is not error for the trial court to make specific findings of fact, even though not requested so to do

by either party." See also Soter v. Griese-dieck Western Brewery Co., 200 Okl. 302, 193 P.2d 575, 578, 4 A.L.R.2d 458, in which case we recognized and followed the above quoted rule.

There is competent evidence sustaining the findings of the court that we have quoted, which evidence consisted of testimony that the lumber furnished by lumber company was broken, pithy and rotten and that it was not the grade provided in specifications; that one could stand inside the barn and see daylight through the roof; that the barn was improperly constructed and was not constructed according to specifications; that the barn leaked to extent that hay, feed or machinery could not be stored therein; that it had never been used. Owner at no time accepted the barn and testified that he was willing for same to be removed from his premises.

During oral argument before this Court, counsel for owner stated that if the barn were removed, owner would forego any claim that he may have to the return of the $500 down payment, and cognizance should be taken of said agreement in future proceedings herein.

■ ■ The parties appear to be in agreement on the proposition that the building contract that owner and contractor entered into was entire and indivisible. Before subcontractor can recover under said contract which is entire and indivisible, he must establish substantial compliance with the terms of the contract. See 42 O.S.Supp. 1957 § 143, where it is provided that a subcontractor "may obtain a lien * * * from the same time, in the same manner, and to the same extent as the original contractor"; 17 C.J.S. Contracts § 574, pp. 1212–1213 and Robinson v. Beaty, 75 Okl. 69, 181 P. 941. In the first paragraph of the syllabus to the cited case we held as follows:

> "Since the rule of exact or literal performance has been relaxed, literal compliance with a building contract is not essential to a recovery thereon, but a performance thereof in all its mate-

rial and substantial particulars is sufficient."

It is provided in Section 143, supra, that "Any person who shall furnish any such material * * * as a subcontractor, * * * may obtain a lien * * * from the same time, in the same manner, and to the same extent as the original contractor." In view of the fact that the original contractor in the instant case is not entitled to a lien or to recover judgment against owner due to failure to substantially comply with the building contract with owner, lumber company is not entitled to a lien or to recover a judgment against owner. See Murray Tool & Supply Co. v. Bridgeport Mach. Co., 164 Okl. 136, 23 P.2d 165; Consolidated Cut Stone Co. v. Seidenbach, 181 Okl. 578, 75 P.2d 442; Parsons Const. Co. v. Gifford, 129 Neb. 617, 262 N.W. 508, 514 and Terrell v. McHenry, 121 Ky. 452, 89 S.W. 306. Lumber company contends that Guest v. Shamburger, 120 Okl. 164, 251 P. 97, sustains a rule of law contrary to the one above stated. We are unable to agree. In the cited case the owner who reserved the right to reject material failed knowingly to reject the material and therefore accepted same. In the instant case owner complained of the materials and at no time accepted the materials or the barn. We pointed out in Pace v. National Bank of Commerce of Tulsa, 190 Okl. 503, 125 P.2d 178, 179, that "Liens for material and labor are entirely of statutory creation, and the right to claim the same is not to be extended beyond the plain statutory provisions."

To grant subcontractor or lumber company a lien under the facts of the instant case would be to ignore the plain wording of Section 143, supra, to the general effect that a subcontractor or materialman may only have a lien to the "same extent as the original contractor."

■ In view of the findings of the trial court which we have quoted and the law applicable to said findings, the trial court erred on an unmixed question of law in rendering judgment for the defendants in

error, and for said reason said judgment is reversed and case is remanded with directions to enter judgment for the plaintiffs in error. 12 O.S.1951 § 975; Childs v. Cook, 68 Okl. 240, 174 P. 274; Douglass v. Anderson, 32 Kan. 350, 4 P. 257.

DAVISON, C. J., WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD and IRWIN, JJ., concur.

WELCH, JACKSON and HALLEY, JJ., dissent.