**SOUTHLAND SHOPPING CENTER, INC.,**
Plaintiff in Error,

v.

**OKLAHOMA ELECTRICAL SUPPLY COM-
PANY, a corporation, and Michael M.
Samara, Defendants in Error.**

No. 42531.

Court of Appeals of Oklahoma,
Division No. 70.

Nov. 24, 1970.

Joe Francis, Tulsa, for plaintiff in error.

Jones & Michael, Glen E. Michael, Tulsa, for defendants in error.

SHUMATE, Judge.

This is an appeal by the Southland Shopping Center, Inc. from a judgment rendered in the Court of Common Pleas of Tulsa County, Oklahoma, on the 15th day of February, 1967, in an action instituted by the Oklahoma Electrical Supply Company as plaintiff against Michael M. Samara as defendant, and wherein the Southland Shopping Center, Inc. was named a cross-defendant. For convenience and brevity the parties to this action will hereafter be referred to by name only.

Oklahoma Electrical Supply Company commenced the action against Michael M. Samara, alleging that Samara owed Oklahoma Electrical Supply Company the sum of $2,000.00 for labor and materials installed in Samara's restaurant. The trial court permitted Samara to join Southland Shopping Center, Inc. as an additional defendant and Samara cross-petitioned against Southland Shopping Center, Inc., alleging that he had a written lease with Southland Shopping Center, Inc. concerning the operation of his restaurant to be located in the shopping center and that Southland Shopping Center Inc. agreed to pay $5,000.00 for required different speci-

fications than the usual premises furnished. All negotiations for the lease agreement and subsequent oral alterations to the agreement were made between Samara and I. A. Jacobson, general leasing agent for Southland Shopping Center, Inc.

Samara proceeded to contract with plumbing, electrical, and building contractors to complete the installation of his restaurant. The plumbing contractor submitted a bid of approximately $11,000.00 and Oklahoma Electrical Supply Company submitted a bid of $3900.00. Thereafter, the plumbing contractor, upon completion of his work, submitted a bill for $11,000.00, of which Samara paid $8,000.00 and Southland Shopping Center, Inc. paid $3,000.00. Subsequently, the electrical contractor, Oklahoma Electrical Supply Company, on completion of its work, submitted a bill for $3900.00, of which Samara paid $1900.00. Southland Shopping Center, Inc. refused to pay the remaining $2,000.00 on the electrical bill, contending that they paid the electrical contractor through the prime contractor on the shopping center construction work and, for further reason, that the general leasing agent, I. A. Jacobson, did not have authority to make any agreement with Samara concerning the payment of additional work required on the restaurant. At the time of trial the parties waived trial by jury and the case was tried to the court. Upon completion of the trial, the court rendered judgment in favor of Oklahoma Electrical Supply Company against Samara in the amount of $2,000.00 and also rendered judgment in favor of Samara against Southland Shopping Center, Inc. for the same amount. Samara paid the judgment to Oklahoma Electrical Supply Company and, therefore, that party is no longer involved in this appeal.

On completion of the trial, the trial judge made Findings of Fact and Conclusions of Law. In his Findings of Fact the trial judge found that Southland Shopping Center, Inc. and the Oklahoma Electrical Supply Company entered into certain agreements for the payments of certain sums for work done but that neither party advised or notified Samara of the terms of their agreement. The trial judge further found that Southland Shopping Center, Inc. and Samara entered into an agreement whereby Southland Shopping Center, Inc. agreed to pay the sum of $5,000.00 toward the plumbing and electrical work needed by Samara in connection with making the premises suitable for occupancy by his restaurant facility.

The record does not reveal that any party to the action requested the trial judge to make specific Findings of Fact and Conclusions of Law. Where a jury is waived and disputed questions of fact are submitted to the court, it is not error for the trial court to make specific findings of fact, even though not requested; and such findings will be considered on appeal. Holloman et al. v. Britton et al., Okl. (1959), 346 P.2d 941.

We have carefully considered all evidence adduced at the trial and it is the opinion of this court that the evidence produced was sufficient to justify the findings of fact made by the trial judge. Where trial by jury is waived and a cause is tried to the court, the judgment by the court in conformity with evidence must be given the same force and effect as the verdict of a properly instructed jury; if there be any competent evidence reasonably tending to support the judgment of the trial court, the same will not be disturbed on appeal. Tulsa Auto Dealers Auction v. North Side State Bank, Okl. (1966), 431 P.2d 408.

It appears from the evidence that Samara was led to believe that he could rely upon the sum of $5,000.00 being paid by Southland Shopping Center, Inc. toward the necessary installations required for his restaurant facility and it is clearly shown by the evidence that Samara was never advised of any collateral agreements between Southland Shopping Center, Inc. and the electrical sub-contractor (Plaintiff in the trial court) concerning payments of sums toward the installation of other electrical facilities. There seems to have been a lack of

proper communication between Southland Shopping Center, Inc. and Samara; and it is a well established principle of law that where one of two parties, both guiltless of intentional wrong, must suffer a loss, the one whose conduct, act, or omission occasioned the loss must stand the consequences. 27 Am.Jur.2d, 682–683, Equity, Sec. 146.

We find the trial judge's findings of fact to be supported by the evidence and the judgment and verdict based thereon supported by the law. Accordingly, the judgment of the trial court is affirmed.

WILLIAMS, P. J., and SHILLING, J., concur.