**YOUNG et al. v. KRUMME et al.**

No. 15051—Opinion Filed Jan. 20, 1925.

Rehearing Denied March 31. 1925.

**Oil and Gas—Mining Partnership—Lien for Labor and Material.**

Where two or more parties become jointly interested in an oil and gas lease on certain lands, or in the operation and development of same, and one of the parties, in consideration of the interest to be assigned to him in said lease, agrees to drill a test well and another party in consideration of the interest assigned to him agrees to furnish the machinery and casing necessary for drilling the test, and it is further agreed that in case of production the entire lease shall be developed, and that the cost of operating, and of all future development of the lease shall be borne, pro rata, by the parties according to their interest, and the drilling of the test wells is proceeded with, held, that such conduct and agreement constitutes a mining partnership, and laborers and materialmen, performing labor, and furnishing material in furtherance of the adventure, are entitled to a lien on the leasehold and all machinery, and oil and gas well supplies and appliances, used in connection with such operations.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court. Okfuskee County; John L. Norman, Judge.

Action between J. Wesley Krumme and others and C. B. Young and others. From the judgment, the latter appeal. Affirmed.

R. A. Hockensmith, Beckett & Lewis, A. M. Widdows, and Frank T. McCoy, for plaintiffs in error.

Martin L. Frerichs, J. C. Wright, Huddleston & Stephenson, Crawford & Shaw, White & Nichols, and Joseph B. Bartlett, for defendants in error.

Opinion by JONES, C. This suit was instituted in the county court of Okfuskee county, Okla., on January 1, 1923. The plaintiff sued the defendants, and alleges for his cause of action that the defendants C. B. Young, Wm. VanNoy, and W. B. Gover were drilling contractors, and that they employed plaintiff as a laborer in drilling a well on certain lands, and that the defendants Cusack and Dirickson were the owners of an oil and gas lease upon said land, and that the Black Petroleum Corporation was the owner of, and furnished the rig and machinery and casing used in the drilling operations, and that by reason of the interest of the various parties mentioned the said Young, Gover, and VanNoy, as contractors, are personally liable for the services rendered by plaintiff, and that plaintiff is entitled to a lien upon the leasehold, and the rig and all machinery and appliances used in the drilling of said well. On January 4, 1923, C. F. Foley filed a similar suit against the same defendants, and thereafter eleven other parties, similarly situated, answered in said cause, and filed cross-petitions for services rendered alleging facts similar to those alleged by the party, J. Wesley Krumme, in case No. 3979, which was consolidated with Case No. 3987, filed by C. A. Foley.

Upon the trial of the case before the court, judgment was rendered in favor of the various plaintiffs and cross-petitioners against all of the defendants named. The court finding that the materials furnished and the labor performed, the basis of the various causes of action, was performed at the special request and instance of the partnership of Young, Van Noy, and Gover, against whom personal judgment was rendered, and judgment was rendered against the Black Petroleum Corporation, and Cusack and Dirickson, giving the plaintiffs a lien upon the casing, rig, tank, and leasehold interest of the Black Petroleum Corporation, and against the leasehold interest of Cusack and Dirickson, from which judgment the defendants prosecute this appeal, and set forth various assignments of error.

The defendant Gover raises one issue which is applicable only to his contention, to the effect that the judgment should be reversed as to him for the reason that the evidence was not sufficient to show that he was a partner of Young and VanNoy, the drillers. This is purely a question of fact, and the court's attention is called to no evidence contradicting the findings of the court in this particular, and in accordance with the well established rule of this court, the findings of a court on questions of fact should not be disturbed where there is evidence reasonably tending to support the same, and our attention not being called to any evidence contradicting the findings, it will be assumed that there was sufficient evidence.

The defendants Young, VanNoy, and Gover, Cusack and Dirickson, and the Black Petroleum Corporation urge three specifications of error; First, that subcontractors have no greater rights than the original contractors; second, that no mining partnership existed; third, that the finding of the court that the material and labor were furnished at the instance and request of Young and VanNoy fixes the status of the defendants in error as subcontractors. As we view the contention of the parties the second proposition urged, that of whether or

not there existed a mining partnership, is controlling and decisive of the rights of the parties in this litigation; we accept the findings of the court as to the partnership which existed between Young, VanNoy, and Gover, as drillers, and from an examination of the record, it is disclosed that Cusack and Dirickson were the owners of an oil and gas lease covering 80 acres of land, which they desired to have developed, and that they entered into a contract with C. B. Young, wherein it was agreed that Cusack and Dirickson would assign to Young an undivided ¼th interest in said lease, and also to furnish the rig and casing for drilling the test wells. Young was to furnish the fuel and water necessary for operating the drilling rig and to pay all expenses incidental to said operation, and to drill to a depth of 3,400 feet, or until oil or gas was found in paying quantities at a lesser depth. The contract further provides that in the event of production that—

"The expenses incident to procuring the production from said well, as above set out, and the cost of equipment of said well shall be borne by the parties thereto in proportion to their respective interest."

And further:

"That the cost and expenses of operating the well above provided, if same be producing well, is to be borne by the parties hereto in proportion to their respective interest and that the cost and expenses of all future developments and operations on said land shall likewise be borne by them."

Cusack and Dirickson, in order to comply with the terms of their contract with Young, not being the owners of an available drilling rig and the necessary casing, made and entered into a contract with the Black Petroleum Corporation, whereby the Black Petroleum Corporation furnished and placed upon the location, selected by Cusack and Dirickson, a rig with all necessary appliances and machinery for drilling purposes, and also agreed and did furnish all necessary casing used in the drilling operations, for and in consideration of an assignment of a ¼th undivided interest in said 80-acre lease, and this contract contained provisions identical with the provisions heretofore quoted, contained in the contract with Young, wherein it is agreed that the expenses of operating and handling the productions of the wells, in case they are successful, and the future development of the 80-acre tract, should be borne by the parties in proportion to the interest held by each. Under these agreements, Young and his associates proceeded with the drilling of the test well until they had reached a depth of 2,500 feet, at which time they abandoned said op-

erations. And the various plaintiffs and cross-petitioners are the parties who performed the labor and furnished material necessary for drilling operations, and the judgments rendered for said services and material aggregated more than $8,000.

Defendants in error contend that the contracts under which the various parties were operating, and their conduct, constitute what is known as a mining partnership, and that the leasehold and property belonging to the various defendants were subject to the statutory liens given to laborers and materialmen, and base this contention on the provisions of the contracts heretofore referred to which provide that in the event the well proved to be a producer, the parties should bear their proportionate share of the cost of equipment and operation, and of further development. The facts, briefly stated, are that Cusack and Dirickson furnished the leasehold, Young and his associates were to do the drilling and pay all of the expenses incidental thereto, and the Black Petroleum Corporation was to furnish the rig and machinery and casing used in making the test.

Appellants cite many authorities in support of their contention that the employes or laborers, plaintiffs in this case, do not come within the provisions of the lien statute, and call special attention to the case of Christy v. Union Oil & Gas Co., 28 Okla. 324, 114 Pac. 740, wherein this court announces the rule to the effect that a subcontractor on a leasehold for oil and gas purposes is not entitled to a lien for any greater amount or to any greater extent than the original contractor is entitled to, and that where there is not primary liability to the original contractor there is not, under said act, any liability to the subcontractor. But from an examination of that case, we do not find same to be controlling as to the issues here involved. As heretofore stated, the contention of defendants in error is that a mining partnership exists, and in support of this contention 18 R. C. L., page 1200, art. 106, is cited as follows:

"* * * Where the several owners of a mine unite in working it, they form what is termed a mining partnership, whether they are tenants in common, lessees or owners in any relation. * * *"

"* * * In general every agreement for the working of a mine is such partnership, except where there has been an express agreement to constitute a full trading partnership; and it is not necessary to effect its formation or to continue its existence that there be an express agreement to become partners, or to share the profits and losses of mining."

And in Thornton on Oil and Gas (3rd Ed.) 516, the author states:

"A mining partnership in many things is radically different from an ordinary partnership. As this kind of partnership has been expressly held applicable to oil and gas adventure, although not recognized in Penn., it will be necessary in this contention to discuss the rules of law applicable to them generally. In discussing the law with reference to mining partnership the subject must be approached as it were from two directions:

"One, where joint owners of gas or oil lands operate them in order to extract gas or oil; and, second, where two or more persons jointly accept a lease of oil lands or become jointly interested in only,and operate the lands leased with a view to extract the gas or oil."

This rule is announced and adhered to in the case of Fereday v. Wiwahtwick, 1 Russ. & M. 49; Skillman v. Lachman, 83 Am. Dec. 96, 23 Cal. 198; Settembre v. Putnam, 30 Cal. 491, and in the case of Manville v. Parks, 7 Colo. 128, the court said, in the first paragraph of the syllabus of the opinion:

"A mining partnership is held to exist where the several owners of a mine co-operate in the working of the mine and may be interested as well where the parties have an interest merely in the working of the mines or in carrying on mining operations, as where they own the mine itself."

And in the body of the opinion quote from Parsons on Partnership, par. 87, as follows:

"A partnership may be liable from the acts of the parties as well as by express intent and agreement. It is not necessary that the intention of being partners should be expressed in words, for the law supplies the want of these words."

The rule announced in the authorities quoted, and the facts as disclosed by the record, we think are sufficient to establish that there was a joint interest and co-operation of all of the defendants in the working of the leasehold, and in the development of same, and such interest and co-operation, together with a division of the speculative profits hoped for, is sufficient to constitute a mining partnership, and the court was correct in this conclusion, and under section 7464, C. S. 1921, the laborers and materialmen would be entitled to a lien against the leasehold and all buildings, appurtenances, materials, and supplies used in drilling said well, and we therefore recommend that the judgment of the trial court in favor of the plaintiffs be affirmed.

By the Court: It is so ordered.