### SCHRAEDER et al. v. GORMLEY.

No. 17141. Opinion Filed Oct. 4, 1927.

(Syllabus.)

**1 Appeal and Error—Case-Made—Time for Correction After Appeal.**

In a case requiring a motion for a new trial where a case-made, as filed in this court, does not contain the order signed by the trial judge overruling such motion, and application is made and leave obtained to correct the case-made, and the correction is made before final decision in this court, though after the expiration of the time allowed by law in which to file petition in error and case-made, the correction being authorized by section 786, C. O. S. 1921, is made within time, and the appeal will not be dismissed for failure to correct in time.

**2. Taxation—Statute 'as to Registration Taxes not Applicable to Bill of Sale Providing for Installment Payments Ending Within Three Months.**

Where a suit is based upon a bill of sale of personal property which provides that the purchaser thereof shall pay the purchase price in installments, the last installment being due in less than three months after the date of the contract, the contract of sale is not rendered inadmissible in evidence for failure to have same registered with the county treasurer and to have the

tax, provided by section 9608, C. O. S. 1921, paid and indorsed thereon.

**3. Same—Exemption of Choses in Action Maturing Within Eight Months.**

A chose in action, representing value, though not in the form of a promissory note, which by its terms shows that it matures in less than eight months, is not subject to the payment of the tax provided for in section 9608, Compiled Stats. of Okla., 1921.

**4. Oil and Gas—Contract for Development Construed as Mining Partnership—Liability to Materialman's Lien.**

Where two or more parties are jointly interested in an oil and gas lease on certain lands, and in the operation and development of same, and one of the parties in consideration of the assignment to him of an interest therein agrees to furnish the casing for a well, and another in consideration of the assignment to him of an interest in the lease agrees to drill the well, and another, who owned the lease and assigns the interests to the others, retains a certain interest therein, agrees to furnish the drilling rig, and all agree that in the event that other well or wells be drilled on the premises, the cost of management, development, and operation of the leasehold shall be borne by the parties, their successors or assigns, as their respective interests may appear, and the drilling of the test well is proceeded with, and while drilling of the test well is being done, a fourth party buys a portion of the interest of one of the parties, held, that such conduct and agreement constitutes a mining partnership, and a materialman who furnished the drilling rig in furtherance of the adventure is entitled to a lien, as provided by section 7464, C. O. S. 1921.

**5. Appeal and Error—Review—Necessary to Urge Error in Motion for New Trial and in Petition in Error.**

Alleged errors of the trial court will not be reviewed on appeal where the error complained of is not set up as grounds for a new trial and is not assigned for review in the petition in error.

Commissioners' Opinion. Division No. 2.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by C. F. Gormley against Charles T. Schraeder and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Johnson & Miller and Wayne H. Lasater, for plaintiff in error.

Hughes, Foster & Ellinghausen, for defendant in error.

DIFFENDAFFER, C. This is an action to recover the purchase price of an oil well rig sold by plaintiff to defendant A. R. Jenkins, and to foreclose a materialman's lien on the oil and gas lease and leasehold estate. Upon issues joined personal judgment was rendered for plaintiff against defendant Jenkins, who does not appeal, and against the other defendants sustaining the lien and foreclosing same. From this judgment, defendant Schraeder, Damar Producing Company, A. T. Watson, Joe A. Combs, R. J. Jones, R. L. Hatfield, W. H. McClellan, Jr., J. J. Main, E. H. Austin, H E. Smith, J. A. Bronaugh, C. G. Martin, O. C. Coppedge and C. G. Martin, trustee, appeal.

Defendant in error has filed a motion to dismiss the appeal upon the ground that there appears in the case-made no order of the court overruling the motion for new trial. It appears, from an examination of the case-made, that at the time this cause was filed herein, January 19, 1926, no order overruling the motion for a new trial signed by the trial judge was contained in the case-made. Plaintiff in error, however, after the filing of the motion to dismiss, obtained permission from this court to withdraw the case-made for the purpose of correcting same. The case-made as corrected shows that the journal entry overruling the motion for a new trial was in fact signed by the judge on the 20th day of July, 1925, and by inadvertence and mistake of the clerk same had never been entered of record.

Defendant in error, in support of his motion, cites the case of Lillard v. Meisberger, 113 Okla. 228, 240 Pac. 1067. In that case it was held that the recital in the case-made of the minutes of the clerk showing motion for new trial overruled, was insufficient, and that the case-made must contain an order signed by the judge overruling the motion for new trial. In that case no attempt was made to correct the case-made before the case was finally decided by this court. The correction is authorized by section 786, C. O. S. 1921, which provides that:

"After any record or case-made is filed in the appellate court" if "it shall appear that * * * any statement or certificate or motion or other matter is omitted from such record or case-made * * * the appellate court may * * * on motion of any party to such cause * * * prepare such omitted parts, and file such corrections in the appellate court, with like force and effect as though such corrected or added parts had been originally incorporated in the record or case-made, when first filed."

This section further provides that no appeal shall be dismissed by reason of such errors or omissions until opportunity be given to supply such corrections, and, also, that such order to correct, or leave to do so, may be had at any time before the cause is finally decided by the appellate court. It is urged here that the order to correct and the correction, coming after the time allowed by the law for filing petition in error in this court, the matter being jurisdictional, the correction comes too late. With this contention, we cannot agree. This court has had before it a similar question in the case of In re Combs' Estate, 62 Okla. 33, 161 Pac. 801, wherein the correction of a certificate to a transcript was involved. There it was said:

"As now amended there is a proper transcript attached to the petition in error: The amendment has like force and effect, as though 'originally incorporated' in the record before us. By the very terms of the statute the amendment relates back to the date of filing and makes perfect as of that date that which was before imperfect."

We, therefore, hold the amendment to be properly made and within time.

There are other grounds set out in the motion to dismiss, but they are of doubtful merit, and we think it better to consider the appeal on its merits.

As heretofore stated, this is an action brought for the purchase price of a drilling rig, and to foreclose a lien on the rig oil and gas lease, and the leasehold, under the provision of section 7464, C. O. S. 1921.

The drilling rig was sold by plaintiff to defendant A. R. Jenkins, against whom judgment was rendered, and who does not appeal.

The contract of sale was in writing, and is in part as follows:

"This agreement made and entered into the 11th day of March, by and between C. F. Gormley, party of the first part, and A. R. Jenkins, of Bristow, Okla., party of the second part, witness:

"That for and in consideration of the covenants and agreements hereinafter mentioned, the party of the first part hereby sells, assigns and transfers to the party of the second part the following described property, to wit:

"I. Standard drilling rig located on the northeast of the southeast of the southeast of section 8, township 14, range 10.

"To have and to hold said above-described personal property free and clear of all incumbrances except those hereinafter set out.

"That for and in consideration of said property the party of the second part agrees to pay the party of the first part the sum of $2,000, payable as follows: $600 (sic) on the 29th day of March, 1924, $500 on the 29th day of April, 1924, and $900 on the 1st day of June, 1924, with interest at 8 per cent. from maturity. * * *

"It is further understood that the title to the Standard drilling rig above mentioned shall be and remain in the party of the first part until said payments are made in full, and the party of the first part agrees upon the making of said payments to protect the party of the second part against all claims on said rig, and hereby warrant the title of the same.

"It is further agreed that this contract shall be binding upon the heirs, executors, administrators and assigns of the parties hereto."

Jenkins was the owner of the lease on the 11th day of March, 1924, when the contract was executed. It appears that the rig had been erected on the lease some three months prior to that time, and at a time when Jenkins had a contract with another party to drill the well. This contract, however, had been abandoned, and the rig on that date was recognized by both parties as being the property of plaintiff.

On the 12th day of March, 1924, Jenkins assigned the lease to defendant Damar Producing Company, with a provision therein that the Damar Producing Company would reassign a three-fourths interest therein, in so far as it pertains to the 40 acres in controversy, to defendant Jenkins. Section 6 of the assignment provides:

"It is understood and agreed that in the event of a paying well the first party or his assigns or assignees, the holder or holders of the undivided ¾ths interest mentioned in paragraph 4 hereof, is to pay his or their proportionate share of the cost of the casing left in the well, and in addition thereto will pay his or their proportionate share of the cost of maintenance, management and operation of said well."

Thereafter Jenkins assigned one-half interest in the lease on the 40 acres to defendant R. J. Jones, for which Jones was to do the drilling; and thereafter Jenkins assigned one-sixteenth interest to defendant Watson. The consideration for the one-fourth interest assigned to the Damar Producing Company was that they would furnish the casing for the well.

No part of the purchase price of the rig was paid, and on July 8, 1924, plaintiff filed his lien statement, and on August 12, 1924, filed this action on the contract and to foreclose the lien.

The cause was tried to the court, without a jury, and judgment entered against defendant Jenkins for $2,000, the purchase price of the rig, and sustaining plaintiff's lien and foreclosing same. From which judgment, this appeal is taken.

Defendants in their brief present but three questions. The first is that the court erred in permitting to be introduced in evidence the contract or bill of sale between Jenkins and plaintiff, and in admitting in evidence the mechanics' lien statement.

The record on introduction of the · lien statement shows that when same was offered in evidence the court inquired if there was any objection thereto, and both attorneys for defendants announced that there was no objection thereto, so that defendants are in no position to urge any error on account thereof. The record discloses that when the contract of sale was offered in evidence, the following objection was made:

"To which the defendants object for the reason that ·the exhibit shows upon its face that it is a real estate mortgage, and that the mortgage tax required under the law has not been paid, and for the further reason that the file record upon said exhibit does not show that it has ever been filed as a chattel mortgage or a real estate mortgage either, and for the further reason that the exhibit shows upon its face that the same was executed on the 11th day of March, 1924, and was not filed for record until the 3rd day of July, 1924, which was not notice to those defendants of the rights of the plaintiff in said property."

It was then contended that the contract was incompetent under sections 9608 and 6913, C. O. S. 1921. ·

Section 9613 provides:

"No bond or note of over eight months' duration or other choses in action, which has not been registered with the county treasurer of the county in which it is located and the tax paid in accordance with this act, shall be admitted in evidence in any of the courts of the state of Oklahoma; provided, that this act shall not apply to notes secured by real estate mortgages which have been or hereater may be registered under the provisions of chapter 246, Session Laws 1913, as amended by chapter 105, Session Laws 1915 (9585-9596)."

It is argued that the contract being a chose in action, there being no indorsement of the county treasurer showing the tax provided by section 9608, to. have been paid, the contract was for that reason inadmissible. While the objection was not made on the ground that the tax provided for in section 9608, supra, was not paid, we will consider the objection broad enough to bring it within this section, and within the provisions of section 9613.

It has been repeatedly held by this court that, where a suit is based on a note of over eight months' duration, and there is no proof that the note has been registered and the tax paid according to the provision of section 9608, supra, the same is not competent in evidence on the trial of the case. See Wommer et al. v. Wommer, Adm'x, 91 Okla. 79, 216 Pac. 150; Harrell et al. v. Suter, 100 Okla. 56, 227 Pac. 403.

This action being based on a contract for the payment of money, not in form a note, though by its terms not of eight months' duration, do sections 9608 and 9613, C. O. S. 1921. apply? We think not. In Harrell et al. v. Suter, supra, the court in considering the constitutionality of the act and the apparent reason for its passage, said:

"It is common knowledge that notes, bonds and other choses in action, being private papers representing money value, were easily concealed, and had escaped taxation since statehood, and had not borne their part of the tax burden, and it was the intention of the Legislature to bring these property values under taxation by a special tax and a system of registration and penalty nullifying enforced collection or performance in the courts. There were certain choses in action, such as notes belonging to banks or notes secured by real estate mortgages. exempt from general taxation by being otherwise taxed and it was one of the details of this special act to exempt them from this provision."

The language there used shows that the words "notes" and "choses in action" were used interchangeably, as in dealing with the subject the court referred to certain choses in action, such as notes held by a bank, etc. Section 9613 provides that no bond, note of over eight months' duration, or other chose in action, which has not been registered, etc., shall be admitted in evidence in any of the courts of the state of Oklahoma thus apparently limiting the phrase, "of over eight months' duration," to notes. We do not think it was the intention of the Legislature to so limit the operation of the law. There is no sound reason why, if a note of less than eight months' duration should be exempted from the requirement, a bond of less than eight months' duration should not also be exempted And if a bond, why not other choses in action of like character?

The apparent reason for the enactment of this law was that notes, bonds, and other choses in action, being private papers rep-

resenting money value, were easily concealed, and thus might escape taxation. It is also clear that it was the intention of the Legislature to exempt certain short time notes and like evidences of debt from the law.

We do not think that it was the intention of the Legislature to place a tax on bonds, or other choses in action of less than eight months' duration, representing money value, and being of the same general character as promissory notes, from which notes of less than eight months' duration were exempted; otherwise, the law would not operate uniformly on all property of like character.

The contract being dated the 11th day of March, 1924, and the last payment thereunder being due June 1, 1924, it is clear that it was not for more than eight months' duration, and hence not within the provisions of sections 9608 and 9613, supra. It was held in Kelly v. Hamilton, 78 Okla. 179, 189 Pac. 535, that these sections have no application to promissory notes of less than eight months' duration.

The next assignment is that the court erred in holding that defendants had notice of the rights of plaintiff. The contract of plaintiff was not filed of record until July 3, 1924, and defendants claim that Damar Producing Company on March 11th, when it entered into the contract with Jenkins, had neither actual nor constructive notice of plaintiff's claim. We think this position of defendants is untenable under the authority of Young et al. v. Krumme et al., 109 Okla. 145, 236 Pac. 606. Section 6 of the contract between Jenkins and Damar Producing Company has been quoted, and will not be here repeated, but in addition thereto, section 9 provides:

"It is understood and agreed that in the event that other well or wells be drilled on said premises, the cost thereof, including the cost of maintenance, management, development and operation of said leasehold shall be borne by the parties hereto, their successors or assigns, as their respective interests may appear."

These two sections of the contract, we think, bring the parties squarely within the case of Young et al. v. Krumme et al., supra. The portions of the contract there quoted.—

"The expenses incident to procuring the production from said well as above set out, and the cost of equipment of said well shall be borne by the parties thereto in proportion to their respective interest."

"That the cost and expenses of operating the well above provided, if same be producing well, is to be borne by the parties hereto in proportion to their respective interest, and that the cost and expenses of all future developments and operations on said land shall likewise be borne by them"

—are substantially the same as sections 6 and 9 of the contract here.

In construing the contract in the case above cited, the court said:

"The rule announced in the authorities quoted, and the facts as disclosed by the record, we think are sufficient to establish that there was a joint interest and co-operation of all of the defendants in the working of the leasehold, and in the development of same, and such interest and co-operation, together with a division of the speculative profits hoped for, is sufficient to constitute a mining partnership."

Here Damar Producing Company was to furnish the casing. Jones, as one of the assignees of a part of the three-fourths interest in the lease, was to drill the well. Jenkins was supposed to furnish the rig, etc., and Watson, when he bought one-sixteenth interest, also became obligated to pay his part of the cost of other wells, etc. So that, clearly, there was a mining partnership.

The third assignment argued is, that the court erred in finding for plaintiff for attorney's fee, without any evidence of the value of the services of the attorney. It is not clear why the court found the value of the attorney's fee to be $250 and rendered judgment in the sum of $300.

It has been often held that this court will not review an alleged error of a trial court, unless the error complained of is assigned for review by petition in error, as well as by the motion for new trial. Lookabaugh v. Epperson, 28 Okla. 472, 114 Pac. 738; Southwestern Cotton Seed Co. v. Bank of Stroud, 12 Okla. 168, 70 Pac. 205. Here the error complained of is not set out in the motion for new trial, and is not assigned in the petition in error. Under the authorities cited, this alleged error cannot be reviewed here.

There being no substantial error, the judgment should be affirmed.

BENNETT, HALL, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 496, §2242. (2) 37 Cyc. p. 1543. (3) 37 Cyc. pp. 783, 1543. (4) 40 C. J. p. 1145, §798. (5) 3 C. J. p. 963, §850; p. 1330, §1462.