## IRELAN v SMOOT.

No. 18447.   Opinion Filed July 3, 1928.

Rehearing Denied Sept. 18, 1928.

(Syllabus.)

**1. Oil and Gas—Validity of Mechanic's Lien Against Leasehold Estate.**

Section 7463, C. O. S. 1921, creates the right of a mechanic's lien against an oil and gas leasehold estate in favor of either a subcontractor, materialman, or laborer, but he must file his lien within 60 days from the date on which the last labor or material was furnished under the agreement with the contractor.

**2. Oil and Gas—Mining Partnership—Relation not Effected by Mere Agreement to Farm Partnership in Future.**

A mining partnership or joint adventure cannot exist unless there is a co-operation among the parties in the development of a lease for oil and gas, each agreeing to pay his part of the expenses and to share in the profits and losses. Where it is the intention of the parties that a partnership is to become effective upon the happening of a certain contingency, or is to take effect at a future day, the relation of partners does not exist. (Carson et al. v. Waller et al., 127 Okla. 186, 260 Pac. 72.)

Error from District Court, Creek County; John L. Norman, Judge.

Action by A. M. Smoot against O. M. Irelan et al. Judgment for plaintiff, and defendant Irelan appeals. Reversed and remanded, with directions.

John R. Miller and R. E. Stephenson, for plaintiff in error.

George H. Jennings, for defendant in error.

HEFNER, J.  A. M. Smoot, the defendant in error, plaintiff below, commenced this action in the district court of Creek county against O. M. Irelan, plaintiff in error, defendant below, to foreclosure a mechanic's lien against a certain oil and gas leasehold estate.

The defendants O. M. Irelan and E. R. Minshall owned an undivided one-half interest in an oil and gas lease covering 35 acres of land. They entered into a written contract with P. J. King to drill a test well on the 35 acres, which provided:

First. That King would drill an oil and gas well on the 35 acres described in the contract to the Wilcox sand, unless oil or gas was found in paying quantities at a less depth.

Second. That King would furnish well rig, casing, tools, and all material at his own expense for drilling and completing the well.

Third. The consideration to be received by King for drilling the well and furnishing the casing, well rig, and tools, was the written assignment of an undivided one-fourth interest in the leasehold estate from Irelan and Minshall. The written assignment was to be placed in escrow and delivered to King when he had completed the well according to the contract.

Fourth. If the well proved to be dry, King was given the option to move all material from the well and lease, which he might place on the location for use in the performance of the contract.

Fifth. If the well produced oil or gas in paying quantities, the expense of further development and operation of the lease was to be borne proportionately among the parties according to their interest in the leasehold estate.

There is no controversy as to the facts. The plaintiff, Smoot, owned an interest in the land on which the well was drilling and P. J. King, the contractor, employed Smoot to haul the casing and well rig to the location on the leasehold estate. The plaintiff hauled the material pursuant to the contract with King between the dates of November 20, 1924, and March 21, 1925. He was not paid for the work.

Smoot filed a verified lien claim in the office of the court clerk on June 1, 1925. The statement was not filed within 60 days after the last date service was performed by Smoot under the contract with King for which the lien statement was filed. Notice of the filing of the lien was not served on the defendant Irelan.

Maxwell was the lessor of the defendant

Irelan and the plaintiff, Smoot, acquired an interest in the land after the lease was executed and before the well was drilled. The lease expired by its own terms after the well was drilled, and the defendant Irelan executed and delivered a release of the same to Maxwell and Smoot at the request of Smoot. The casing had been removed from the lease by the plaintiff for the defendant Irelan and delivered to the owner before the plaintiff filed his mechanic's lien; the well rig was moved off the premises after the suit was commenced against the defendant Irelan by the plaintiff, and the plaintiff was paid the sum of $152 by the defendant Irelan for moving the casing and well rig off the premises. At the time of the trial the casing and well rig were being used to drill another well about 12 miles distant from the land described in the mechanic's lien.

The plaintiff pleaded that he entered into an oral contract with the defendant P. J. King and W. A. Doyle, as trustees for the Mounds Drilling Syndicate, and with the Mounds Drilling Syndicate, a common-law trust, by virtue of which the plaintiff was to furnish necessary tools, wagons, trucks, and labor and haul certain lumber, etc. He alleged that the defendants O. M. Irelan and E. R. Minshall claimed some right in and to the oil and gas lease and in and to the derrick, tools, casing, lines, and other equipment. He prayed for a judgment against the defendants P. J. King and W. A. Doyle, trustees for the Mounds Drilling Syndicate, and the Mounds Drilling Syndicate, a common-law trust. He does not allege he ever had any contract with the defendant Irelan; neither does he pray for a personal judgment against Irelan, and it was admitted in the trial of the case that he was not seeking a personal judgment against him.

Upon these pleadings and the facts hereinbefore stated, the trial court found that the sum of $192 for the service done by plaintiff and the sum of $50 for attorney's fees were due from W. A. Doyle and P. J. King, contractor, as trustees for the Mounds Drilling Syndicate, and the Mounds Drilling Syndicate, to the plaintiff. The court also rendered judgment foreclosing the lien as to all defendants. There was no personal judgment rendered against the defendant Irelan. The only judgment affecting Irelan was the court ordered him to deliver possession of the casing and well rig to the sheriff of Creek county. Okla., for the purpose of sale to satisfy the indebtedness found due and owing to the plaintiff from

W. A. Doyle and P. J. King, trustees. From this order, the defendant Irelan has appealed.

It is first necessary for us to determine whether or not the plaintiff was an original contractor or a subcontractor. If he was a subcontractor, it is admitted that he had no lien, because the claim was not filed within the time prescribed by law. If he was an original contractor, then the lien claim was filed within the time prescribed by law.

The plaintiff does not claim that he entered into any contract with the defendant Irelan. The contract was made with P. J. King, the contractor mentioned in the contract hereinbefore set out. It will be remembered, too, that the plaintiff on the trial of the case admitted that he was not seeking a money judgment against the defendant Irelan. He was, therefore, not proceeding on the theory that he was an original contractor with the defendant Irelan, because, if this had been true, he would have sought a personal judgment against him.

The plaintiff insists that he is an original contractor because the relationship existing between defendant and the co-owners of the lease was that of a mining partnership. In other words, his claim is that the contract under which King, the contractor, drilled the well constituted him a mining partner with the defendants Irelan and Minshall. If this contention be true, the plaintiff would be an original contractor. If it be not true, then, since his contract was only with King, the person who contracted to drill the well, he would necessarily be a subcontractor.

An undivided one-half interest in the lease was owned by the defendant Irelan and Minshall. King had no interest whatever in the lease at the time he was employed by Irelan and Minshall to drill the well. Under the contract King agreed to drill the well and also to furnish the well rig, casing, tools, and all material at his own expense for drilling and completing the same. The consideration King was to receive for his services was a written assignment of an undivided one-fourth interest in the leasehold estate from Irelan and Minshall. The assignment was placed in escrow. It was not to be delivered to him unless he did complete the well according to the contract. If the well was dry, King had the option to move all material from the well and lease

which he might have placed thereupon. Under the contract, if the well produced oil or gas in paying quantities, the expense thereafter of further development and operation of the lease was to be borne proportionately by the parties according to their interest in the leasehold estate. The test was dry, and the assignment was never delivered to King. The lease was voluntarily released and delivered to the plaintiff at his request, and no one claimed any right thereunder.

The facts in the recent case of Carson et al. v. Waller et al., 127 Okla. 186, 260 Pac. 72, with reference to the mining partnership were very similar to those in the instant case. There this court, speaking through Mr. Commissioner Herr, said:

"A mining partnership or joint adventure cannot exist, unless there is a co-operation among the parties in the development of a lease for oil and gas, each agreeing to pay his part of the expenses and to share in the profits and losses.

"Where it is the intention of the parties that a partnership is to become effective upon the happening of a certain contingency, or is to take effect at a future day, the relation of partners does not exist."

In the case at bar, King, the contractor, was to have no interest in the lease unless he completed the well in accordance with the contract. The expense of the drilling of the well was to be borne entirely by him. The defendant Irelan and Minshall were not obligated to pay any of those expenses. Whether King should ever have an interest in the lease or not depended upon the happening of a future contingency, that is to say, he was to complete the well in accordance with his contract before he was entitled to an interest in the lease. He had no present vested interest in the lease at the time he entered into the contract with the plaintiff. He at that time had no authority to bind in any manner either of the defendants, Irelan or Minshall. King's contract with them did not give him authority to create an obligation against them in the drilling of the well. The facts were not such as to create a mining partnership at the time the contract was entered into nor during the drilling of the well.

It follows that the plaintiff was not an original contractor, but was a subcontractor, and since his claim was not filed within the time prescribed by law, he had no lien. The judgment, in so far as the defendant Irelan is concerned, is reversed and re-manded, with instructions to dismiss the suit against him.

PHELPS, LESTER, HUNT, and CLARK, JJ., concur.

Note.—See under (1) 40 C. J. p. 1172, §851; p. 1175, §860.    (2) 40 C. J. p. 1145, §798.