### AIKINS et al. v. HUFF et al.

No. 18283. Opinion Filed Sept. 11, 1928.

Rehearing Denied Dec. 4, 1928.

property therein described, and among this an undivided two-thirds interest in the wheat then growing on certain lands in Grant county, and that the mortgage was filed in the county clerk's office of said county on the 12th day of November, 1925, and the plaintiffs were then the owners of said note and mortgage. The petition further alleges that F. B. Fisk and Joe Tharp, as a partnership doing business under the name of Fisk & Tharp, and the Grant County Bank claimed some interest in said wheat crop, and asked that they be made parties defendant, and required to disclose their interest; and in their prayer further asked judgment on their note and for decree that their mortgage was superior to the claims of Fisk & Tharp and the bank on the wheat.

The defendants, Fisk & Tharp answered that, on the 12th day of July, 1925, said G. C. Huff did execute and deliver to them his certain promissory note, dated July 8, 1925, for the sum of $3,516.48, due eight months after date, with interest at the rate of 10 per cent. payable annually, and to secure this note that at the same time the said Huff executed and gave to them a chattel mortgage on the wheat crop upon which plaintiff's assignor, W. J. Aikins, thereafter took his mortgage, and upon which the suit was brought for foreclosure, and that said mortgage was filed in the office of the county clerk of Grant county, Okla., on the 25th day of July, 1925, and was therefore superior to the mortgage claimed by plaintiffs on the crop of wheat.

The Grant County Bank filed a disclaimer, and was no longer a party to the action.

Upon the trial of the case before the court, without a jury, the plaintiffs recovered judgment on their note against the defendant G. C. Huff, but the court held that the mortgage given to Fisk & Tharp was prior to the mortgage given by Huff to W. L. Aikins and assigned with the note thereafter to the plaintiffs. From this judgment the plaintiffs alone appealed.

W. H. C. Taylor and J. E. Falkenberg, for plaintiffs in error

J. B. Drennan and Sam Ridings, for defendants in error.

REID, C. The plaintiffs in error. Frank L. Aikins, Maud Aikins, and E. A. Aikins, began this suit by filing their petition, alleging that on the 12th day of November. 1925, one G. C. Huff executed and delivered to W. J. Aikins his promissory note for the sum of $542.24, payable August 1, 1926, with 8 per cent. interest from date to maturity, and that, to secure this note, Huff executed to said Aikins a chattel mortgage on certain

The first assignment is based upon the proposition that the trial court erred in admitting in evidence the note given by Huff to Fisk & Tharp, which was secured by the mortgage held in the case to be the prior lien. for the reason that the note had not been registered with the county treasurer of Grant county, Okla., and the mortgage tax paid in accordance with section 9613, C. O. S. 1921, which provides that no note of more than eight months' duration, which has

not been so registered and the tax thereon paid, shall be admitted in evidence in any of the courts of this state. This note was dated July 8, 1925, and payable eight months after date. It will therefore be seen that it does not fall within the terms of section 9613, supra, for the reason that it was only for **eight months' duration** and not for **more** than eight months, which was necessary to make it taxable. The fact that no action was brought on the note, and that by the grace of the holders it was permitted to run for more than eight months, does not change its term which was fixed when it was given.

While this question has never been passed upon directly by this court, yet, in the cases which have come to us involving the construction and effect of this act as to other questions, it has been uniformly assumed and not questioned that the word "duration" mentioned in the act meant the time for which the note ran as stated upon its face. Kelly v. Hamilton, 78 Okla. 179, 189 Pac. 535; Schroder v. Gormley, 127 Okla. 65, 259 Pac. 869.

It will be understood that the wheat in controversy is the result of a crop sown in the fall of 1925, and harvested in the summer of 1926, and the plaintiffs in error complain that the court erred in holding that the mortgage of Fisk & Tharp covered the entire wheat crop grown on both tracts. The description as contained in the Fisk & Tharp mortgage is as follows:

"All wheat grown on S. E. ¼ of 34-27-5 in the year 1926 and 1927."

"All wheat grown on the S. E. ¼ of 27-27-5 in the years of 1926 and 1927."

The general rule by which the sufficiency of a description in a mortgage is determined is well stated in the case of Smith v. La Fayette & Bro., 29 Okla. 671, 119 Pac. 979, as follows:

"A description in a chattel mortgage, which is sufficient to put a third person upon inquiry, which, when pursued, will enable him to ascertain the property intended to be included in said mortgage, is good."

And this is the rule which has been followed in subsequent decisions by this court. Wichita Mill & Elevator Co. v. Farmers State Bank, 102 Okla. 83, 226 Pac. 870; Neal Gin Co. v. Tradesmen's Nat. Bank, 111 Okla. 154, 239 Pac. 615; Crowl v. Ross, 113 Okla. 291, 241 Pac. 1105.

Applying the principle announced in the foregoing cases to the interpretation of the description contained in the mortgage in the present case, we think the same was sufficient. And the facts in this case illustrate the correctness of the rule, for the reason that the maker of the instrument testified that the mortgage as to both quarter sections was intended to cover the wheat harvested in the summer of 1926, which was the only year in controversy. We think the instrument sufficient to charge all parties with notice that it covered all wheat to be harvested from each tract in the years 1926 and 1927.

The plaintiffs in error next contend that as the mortgage given by Huff to the defendants in error was a renewal of a previous mortgage, in order for the latter mortgage to be valid, it was necessary that a renewal affidavit be filed as provided for by section 7654, C. O. S. 1921. In the first place, it does not appear that the mortgage claimed to have been executed three years prior to this, and of which this was a renewal, in fact covered the wheat in controversy, and for this reason alone the statute would be ineffective in this case. However, the statute has no application to a case in which a new mortgage is filed, though it be a renewal of an old one. Plaintiffs do not claim under a mortgage taken prior to the execution and filing of defendants' mortgage sued on, and therefore they are not affected by the question as to whether it was a renewal mortgage. The new mortgage discloses the amount of indebtedness, and that the lien is still in existence, together with everything rquired to be contained in the renewal affidavit. The defendants in error are not claiming under the old mortgage, but under the mortgage of July 8, 1925, and filed with the county clerk on the 24th day of July, 1925.

The plaintiffs in error next say that the execution of the mortgage of Fisk & Tharp was not proved as required by law, although they had denied under oath its execution. We have examined the evidence on this, and find that G. C. Huff expressly testified that he executed the mortgage in question and identified his signature to it. The proof was sufficient.

Plaintiffs in error next contend that they have a landlord's lien upon the wheat, and that this lien is prior to the mortgage of the defendants in error. The note given to W. L. Aikins, which was sued on and apparently admitted to be owned by the plaintiffs in error, was given, as shown by the testimony, in settlement by Huff of previous

rents and other items of past indebtedness owing by him to Aikins which had accrued during the two or three years previous thereto while Huff was a tenant on Aikins' farm. The plaintiffs in error contend that the items of rent contained in this note and owing for any of those years are secured by a landlord's lien on the crop grown in 1926. and that these amounts were prior to defendants' mortgage lien. This court has held that the landlord has only a lien for his rents on the crops grown during the year for which the rents are due. See Greeley v. Greeley, 12 Okla. 659, 73 Pac. 295; Cunningham v. Moser, 91 Okla. 44, 215 Pac. 758.

It is obvious that the trial court did not err in its holding on this question.

The judgment of the trial court should be affirmed.

TEEHEE, LEACH, FOSTER, and HERR, Commissioners, concur.

By the Court: It is so ordered.