## TIDAL OIL CO. et al. v. FULLERTON-STUART LBR. CO.

No. 18402.   Opinion Filed June 4, 1929.

Y. P. Broome and Randolph, Haver, Shirk & Bridges, for plaintiffs in error.

William M. Matthews, for defendant in error.

HERR, C. This suit was originally brought in the district court of Creek county by L. P. Gowland against the Harmack Petroleum Company and others to recover for labor performed in drilling an oil and gas well on the north half of the southwest quarter of section 6, township 14 north of range 7 east in Creek county, and for foreclosure of his laborer's lien in and to a certain leasehold estate therein, which, it was alleged, the said Harmack Petroleum Company owned. The Tidal Oil Company and the Tidal-Osage Oil Company were made parties defendant.

The Fullerton-Stuart Lumber Company was subsequently made a party defendant. Said company filed its cross-petition against plaintiff and defendants Harmack Petroleum Company, Tidal Oil Company, and the Tidal-Osage Oil Company, in which it alleged that said defendants were indebted to it in the sum of $3,329.05 for material furnished said parties in drilling a well on said leasehold; and further alleged that it had a lien against said leasehold therefor. It was also alleged that there existed a mining partnership between plaintiff and said defendants in developing the lease. The prayer was for judgment against plaintiff and all defendants for the amount of its claim and for foreclosure of its lien. The decree went in its favor. Defendants Tidal Oil Company and Tidal-Osage Oil Company appeal.

It appears that on April 24, 1924, defendants Tidal Oil Company and the Tidal-Osage Oil Company, then being the owners of an oil and gas lease in and to said premises, entered into a drilling contract with plaintiff Gowland whereby said Gowland agreed to drill a well thereon of sufficient depth to test what is known as the "Wilcox sand." Said well, under the contract, was to be drilled at the expense of Gowland, and, as compensation therefor, said Gowland was to receive a one-half undivided interest in and to said lease upon completion of said test. An assignment of said one-half undivided interest was executed by defendants Tidal Oil Company and the Tidal-Osage Oil Company,

which assignment was, under the terms of the contract, placed in escrow in the National Bank of Commerce of Tulsa, Okla., with instructions to said bank to deliver the same to Gowland upon completion of said test well. Gowland subsequently assigned said contract to Harmack Petroleum Company, which company, in turn, entered into a contract with Gowland for the drilling of said well. The original contract contains the following provision:

"After the completion of said first test well, Tidal Oil Company shall have the management and control of the future development and operation of said lease, and all expenses incurred in the subsequent development and operation of said lease shall be borne one-half by first party and one-half by second party."

The Harmack Petroleum Company became insolvent and the test well was never completed, and the assignment above mentioned was, by the bank, returned to the defendants Tidal Oil Company and the Tidal-Osage Oil Company.

It is admitted that cross-petitioner furnished material, in the amount claimed, to defendant Harmack Petroleum Company for the purpose of drilling this well. It is not clear, however, whether the same was furnished under contract with plaintiff or with defendant petroleum company. It is clear, however, that the same was not furnished under contract with defendants Tidal Oil Company and the Tidal-Osage Oil Company, or either of them. Neither of these companies was a party to the contract, nor was any material furnished by cross-petitioner at their request, or at the instance or request of either of them.

It is contended by cross-petitioner that the contract entered into between plaintiff and defendants Tidal Oil Company and the Tidal-Osage Oil Company, by its terms, creates a mining partnership between the parties, and that, therefore, the parties were jointly liable to cross-petitioner for the material furnished. This contention has been decided adversely to it in the cases of Carson v. Waller, 127 Okla. 186, 260 Pac. 72; Jones v. Sinclair Crude Oil Purchasing Co., 130 Okla. 182, 266 Pac. 439; Irelan v. Smoot, 132 Okla. 270, 270 Pac. 29.

In the case last cited, this court was called upon to construe a contract containing practically the same provisions as are contained in the contract in the case at bar. It was there held that the same did not constitute a mining partnership.

The above cases are controlling and decisive of the question here presented. Judgment should be reversed, and the cause remanded, with directions to enter judgment in favor of defendants Tidal Oil Company and the Tidal-Osage Oil Company.

LEACH, JEFFREY, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Mines and Minerals," 40 C. J. §797, p. 1144, n. 80, 88; §798, p. 1145, n. 2. "Partnership," 47 C. J. p. §48, p. 657, n. 51; §48, p. 658, n. 54.