## KISSINGER et al. v. G. E. BURGHER OIL & GAS CO.

No. 24837.   Oct. 1, 1935.

Keaton, Wells, Johnston & Barnes, R. J. Roberts, Biggers & Biggers, and Earl A. Davis, for plaintiffs in error.

Hulette F. Aby, William F. Tucker, and Frank Settle, for defendant in error.

BAYLESS, J. Chas. Kissinger filed an action in the superior court of Seminole county, Okla., against G. E. Burgher Oil & Gas Company, a corporation, and other defendants, for the purpose of establishing a statutory oil and gas lien upon a certain lease and the equipment thereon and to foreclose said lien. A statement at this point of the relation of the various parties to controversy and to each other will aid in understanding the issues.

G. E. Burgher Oil & Gas Company, a corporation, owned an oil and gas lease upon certain land. It entered into a written contract with Exchange Drilling Company to drill a well upon this lease. The contract will be discussed and analyzed later. This lease owner also entered into separate contracts with a number of others, parties to this action, for the purchase of supplies and for the rendition of services. Exchange Drilling Company did not contract with these other parties.

The well was drilled, but was not a commercial success. The various parties having contracts with the lease owner filed lien claims, and cross-petitioned in this action to establish and foreclose their respective liens. All of the other lien claimants asserted claims to a lien upon the drilling equipment and tools of Exchange Drilling Company. A judgment was rendered in substantial conformity with these pleadings except the trial court refused to grant a lien upon the drilling equipment and tools of Exchange Drilling Company. The lien claimants appeal, and will be referred to hereinafter as claimants; and Exchange Drilling Company will be referred to as Exchange..

Claimants base their right to a lien upon the drilling equipment and tools upon two grounds, viz.:

(1) Exchange Drilling Company was a joint adventurer; and,

(2) The Exchange Drilling Company's rig and other tools are subject to materialmen's and laborer's liens.

Claimants urge Young v. Krumme, 109 Okla. 145, 236 P. 606, and other cases following its holding, as authority for their first contention. Exchange cites and relies upon Irelan v. Smoot, 132 Okla. 270, 270 P. 29, and Murray T. & S. Co. v. Bridgeport Mach. Co., 164 Okla. 136, 23 P. (2d) 165. The contract between the Burgher corporation and Exchange obligated Exchange to drill one well on the lease to a depth of 4,500 feet unless oil or gas was found in commercial quantities at a lesser depth, and to furnish the tools and labor necessary to do this drilling. Burgher corporation was to furnish, at its own expense, the rig, casing, fuel, water, slush pits, etc., and was to pay Exchange $3.50 per foot, and was to pay Exchange certain sums daily for specified delays or contingencies, and when the well was completed was to assign Exchange a one-eighth interest in the lease. Thereafter Exchange was to pay its share of the expense of operating and developing the lease. In our opinion, this contract and the evidence are not sufficient to show that Exchange was a joint adventurer. It is clear that Burgher was the party undertaking the development of the lease, that Exchange was to be paid for everything it did and was not to be obligated for any cost in developing the lease under the first well drilled; and that its interest in the lease and obligation for any expense in relation thereto were contingent and in the future. Therefore, this contention is governed by the cases cited and relied upon by Exchange and not those cited by the claimants.

The second contention of claimants has been determined adversely to them in the recent case of Garber & Pulse v. Gloyd, 168 Okla. 88, 31 P. (2d) 947. An almost identical situation existed in that case, and the same contention was made as to the drilling equipment and tools. We said:

"We are of the opinion that a person who takes his drilling equipment or borrowed equipment upon the lease of another for the purpose only of drilling a well thereon, and the owner of the lease does not acquire any interest in the title thereto, does not thereby subject his property to the lien claims of third person creditors of the lease owner. It is the intention of the law to create a lien upon the property of the contracting lease owner, in favor of those

having claims against the contracting lease owner."

The judgment of the trial court is affirmed.

McNEILL, C. J., and WELCH, PHELPS, and CORN, JJ., concur.