## CAMERON et al. v. SPEER.

No. 27182.　May 18, 1937.

Rehearing Denied June 8, 1937.

Carmon C. Harris, for plaintiffs in error.

Joe L. Dukes, for defendant in error.

CORN, J. This is an action brought in the district court of Okfuskee county to foreclose a laborer's lien. On July 27, 1935, lien claims were filed for work and labor on the lease, machinery, and equipment belonging to the plaintiffs in error. On Au-

gust 5, 1935, three of these claims were assigned to the plaintiff, E. W. Speer, and on September 3, 1935, Speer brought this action against Layton, Cameron, and Sutherland. On October 5, 1935, Layton and Speer made a trip to Oklahoma City, at which time and place an agreement was executed whereby a settlement was made, and which Speer contends was only for his own individual claim, and not in settlement of all the claims assigned to him.

A jury was waived and on November 22, 1935, the cause was tried to the court. The court found that Layton and Cameron were owners of the leasehold and equipment in question, that the alleged settlement and satisfaction was only for the lien of Speer, and rendered judgment for the plaintiff on the other claims in the amount of $430, costs and attorney fee, and ordered the lien foreclosed. From this judgment the defendants appeal.

The plaintiffs in error make five assignments of error, but perfect the appeal upon three propositions which will be dealt with in the order in which they were submitted in the appeal brief. The first proposition is: Which section of the statutes, under the facts and circumstances present here, is applicable in determining whether the lien claims in question were properly filed and valid, or improperly filed, out of time, and void. The contention of the plaintiffs in error is that the laborers who filed the lien claims were subcontractors, and that the liens should have been filed within 60 days as provided in section 10977, O. S. 1931, and that, since this was not done, they were void, because filed out of time.

From the testimony introduced at the trial, and considering the situation of the parties and all surrounding circumstances, the trial court determined that Layton and Cameron, the plaintiffs in error, were jointly interested in the leasehold in question. It is apparent that the trial court felt that the evidence was sufficient in all respects to warrant this finding.

More than this, it is not reasonable to believe that Layton would have made an agreement such as that made with the defendant in error, to pay him from the oil produced from the well at some future time, had he not had an interest in the leasehold estate at that time. In the brief of plaintiffs in error the contention is made that Dukes and Prevett, two of the laborers who filed claims, stood in the relation of subcontractors, and that their lien claims could not be good because they were not filed within the 60 days prescribed by section 10977, O. S. 1931.

Supporting their position they cite Dolese Bros. Co. v. Andrecopulas, 113 Okla. 18, 237 P. 844, which defines "subcontractor" as one who enters into a contract to perform an act with one who has already contracted for its performance with the owner. They next cite Irelan v. Smoot, 132 Okla. 270, 270 P. 29, holding that liens of subcontractor must be filed within 60 days from date of last material furnished; and Arkansas Fuel Company v. McDowell, 119 Okla. 77, 249 P. 717, holding that a materialman who fails to file such lien within 60 days shall be deemed to have waived his lien.

While these authorities would ordinarily control as the announced rule of this court, there is little basis for acceptance here, for the reason that the plaintiffs in error failed to make a sufficient showing that the laborers in question, Dukes and Prevett, were subcontractors under Layton. The evidence offered the trial court was not sufficient to establish this, and unless this be definitely established, there is no merit to the proposition.

Plaintiffs in error further complain that the trial court erred in not allowing the agreement between Layton and Speer to stand as settlement of the lien claims; their position being that this settlement was a settlement in full of all lien claims, and not a settlement of the individual lien claim of Speer. They make some discussion as to the trial court allowing Speer to testify in regard to the agreement executed between Layton and himself. Contrary to the declarations that the court ignored this agreement, the record indicates that the court did consider the agreement, and found it to be exactly what it purported to be, an agreement between Speer and Layton as to the individual labor claim of Speer. Had a full settlement of all such claims been contemplated, it is not too much to expect that such would have been shown in the terms of the agreement itself. But such is not the case here, which naturally gives faith to the belief that the parties embodied only the individual settlement in their agreement, and did not contemplate settling all of the claims at that time.

By the third proposition it is claimed that the liability of the defendants are separable controversies, to be considered in separate suits, but that this could not be raised prior to trial for the reason that there is a variance between the plaintiff's pleadings and the proofs. Consideration

of the record fails to disclose such variance as would endanger any rights of the plaintiffs in error in this case.

Judgment affirmed.

OSBORN, C. J., and RILEY, BUSBY, WELCH, PHELPS, GIBSON, and HURST, JJ., concur. BAYLESS, V. C. J., absent.